MITCHELL JONES, plaintiff in error, *vs.* WALKER A. CLARK *et al.*, administrators, defendants in error.

1. A gift of land is not complete without writing by the donor, or the erection of substantial improvements by the donee, so as to entitle the latter to specific performance, or the continuance of posses-

Jones *vs.* Clark *et al.*, adm'rs.

sion for seven years, in the case of father and child, under conditions that warrant the presumption of a gift.

2. Until the gift is complete, title is in the donor, and a judgment against him will bind the land so as to prevent the subsequent completion of the gift as against the lien of the judgment.

JACKSON, Judge, concurred on special grounds.

Gifts. Parent and child. Levy and sale. Before Judge GIBSON. Richmond Superior Court. October Term, 1876.

Reported in the opinion.

FRANK H. MILLER, for plaintiff in error.

H. D. D. TWIGGS, for defendant.

WARNER, Chief Justice.

This was a claim case, on the trial of which the jury, under the charge of the court, found the land not subject to the *fi. fa.* levied thereon. The plantiff in *fi. fa.* made a motion for a new trial, on the grounds therein stated, which was overruled, and the plaintiff excepted. The land in controversy was levied on as the property of W. W. Hughes, who had made a parol gift of it to his son, George W. Hughes, and was claimed by Clark, his administrator, he being dead. The facts as disclosed by the evidence in the record were substantially as follows:

The debt was created April 4, 1859, and judgment rendered February 26, 1867. Levy was made August 18, 1873, and claim filed September 30, 1873, by the administrator of George W. Hughes, who was in possession.

It was admitted that W. W. Hughes owned the land until the spring of 1865, but the time of the parol gift, whether then or in 1866, was disputed. He never executed a deed to it, and filed a petition for homestead June 11, 1869, in which the land levied on is set out as his property. He died June 28, 1872.

George W. Hughes died the last of September, 1872, in possession of the premises levied on, where he had resided since the gift, paying the taxes on the property. Plaintiff's testimony shows this was paid as rent. Henry Hughes heard his father verbally give the place to his son George, as all he could do for him after Sherman's army had passed over his plantation and ruined it. W. W. Hughes also stated to Brandon, in 1868, that he had given the place to his son George, and on the 8th of August, 1870, he, W. W. Hughes, wrote his son George a letter, produced by claimant under notice, as follows. "I think I did all I could, in my straitened circumstances, when I gave you the Summer Place and all there was on it. That Heard has no land is not my fault, for after the surrender, with my debts hanging over me, any title I could have made to him would have been null and void."

In July, 1872, a trunk of papers was intrusted by the widow of W. W. Hughes to George W. Hughes to examine for her, which he never returned. This contained the title to the land levied on.

The plaintiff requested the court to charge the jury in writing "that the rendition of a judgment against the donor, before the expiration of seven years from the date of the parol gift of the land, gave the creditor a lien thereon which was not defeated by mere possession of seven years," which request to charge the court refused, and that is the main ground of error complained of here.

1. Assuming that the parol gift of the land was made by the donor, W. W. Hughes, to his son, George W., in 1865, and that he was in possession of it, the question is, whether the plaintiff's judgment, obtained in February, 1867, against the donor, on a debt contracted by him in April, 1859, was a lien upon the land in controversy, and subject to be levied on and sold, in satisfaction of that judgment lien, as the property of the defendant therein—he having filed a petition for a homestead in June, 1869, in which the land levied on is set out as his property? The solution of that question

depends on the fact whether the legal title to the land was in the donor, W. W. Hughes, at the time the plaintiff's judgment was obtained against him, inasmuch as that judgment bound all the property of the defendant from its date. It was admitted that W. W Hughes, the donor, was the owner of the land up to the time of making the alleged parol gift thereof in 1865 or 1866. In what manner had he been divested of his legal ownership of the land in 1867, when the plaintiff's judgment was obtained against him? The parol gift of the land did not pass the title out of him, for the reason that title to land cannot be conveyed by parol in this state, and there is no pretense that there was any such part performance of the parol gift of the land under it, as would take it out of the operation of the statute, and authorize a specific performance of that parol contract, as provided by the 3187th section of the Code. But it is said that the donee under this parol gift, and his legal representatives, had been in possession of the land more than seven years, and, therefore, the land was not subject to be levied on to satisfy the plaintff's judgment lien thereon, inasmuch as a gift of the land would be presumed from the donor to the donee under the provisions of the 2664th section of the Code. It is true that that section of the Code declares, that exclusive possession, by a child, of lands originally belonging to a father, for seven years, under the circumstances therein mentioned, shall create conclusive presumption of a gift, and convey title to the child. Conclusive presumption of a *parol* gift of the land? The statute does not so declare, but evidently contemplates that the seven years possession shall be conclusive presumption of a legal gift in writing of the land, which may have been lost or destroyed. Surely the statute does not contemplate an illegal *parol* gift of land, such as the donee sets up in this case as having passed the title to the land out of the donor to him, which such *parol* gift could not accomplish, because the law forbids it. The donee and claimant in this case, by his own showing, cannot claim the benefit of the presumption of a legal gift of the

land by his possession, as contemplated by the 2664th section of the Code, as *the* gift relied on by him to pass the title to the land out of the donor, is a mere parol gift of the land, without more, and which the donor could have revoked at any time, and which he seems to have done, at least so far as to include it as a part of his property in his application for a homestead in 1869. 48 *Ga. Rep.*, 332. Having shown that the legal title to the land was in W. W. Hughes, the alleged donor, at the time the plaintiff's judgment was obtained against him in 1867, that judgment created a lien upon it from the date thereof. Is there any valid legal reason why the land should not be levied on and sold, in satisfaction of that judgment lien, as the property of the defendant therein? Neither the judgment, nor the execution issued thereon, is dormant. The claimant is not a *bona fide* purchaser of the land for a valuable consideration, who has been in possession of it for four years prior to the date of the levy, as provided by the 3583rd section of the Code.

2. But it is said that the claimant is protected from having the land sold, in satisfaction of the judgment lien upon it, because he has been in possession of it for seven years under *the parol gift* which he has *affirmatively* proved in this case. The parol gift of the land relied on by the claimant was made in 1865, the plaintiff's *fi. fa.* was levied thereon in 1873. Assuming that the claimant comes within the provisions of the 2664th section of the Code, as the owner of the land by a gift thereof, and that all the conditions required by that section have been complied with; still, the exclusive possession of the land by the claimant for seven years from the date of the gift, would be necessary, in the words of that section, " to convey the title to him." Upon the assumption that the claimant became the owner of the land by possession thereof for seven years, under the parol gift from his father, as contemplated by the 2664th section, at what time did the claimant become the owner of the land? If the parol gift of the land was made in the spring of 1865, then the claimant would have become the owner of the land in the

spring of 1872, and not before, as seven years exclusive possession of the land was necessary, in the words of the statute, " to convey title to him." For aught that appears in this case, W. W. Hughes, the donor, had the clear legal right to resume his dominion over the land at any time before the expiration of seven years, and that being so, the lien of his creditors' judgment, obtained against him before the expiration of the seven years, fastened upon it as his property.

The claimant, then, was the owner of the land upon that assumed theory, (which is most favorable for him) about one year and six months before the plaintiff's *fi. fa.* was levied on it. Before and at the time the claimant became the owner of the land in this view of the case, the plaintiff's judgment was a lien upon it. Why should it not be sold to satisfy that judgment lien? Is the claimant in this case, as the owner of the land under the proven parol gift, (assuming that he is such owner under the provisions of the 2664th section of the Code) in any better condition than a *bona fide* purchaser of the land for a valuable consideration would have been? A *bona fide* purchaser of the land for a valuable consideration would not have been protected against the plaintiff's judgment lien until after the expiration of four years from the date of his purchase and possession, and shall a voluntary donee of land under a parol gift, (assuming that he became the owner thereof in the spring of 1872), have any better protection against a judgment lien on the land thus acquired, than a *bona fide* purchaser for a valuable consideration? A more serious inquiry would be, to find out under what statute the owner of land under a voluntary gift thereof, upon which there was a judgment lien at the time he became such owner, could be protected at all as against such judgment lien. In view of the facts disclosed in the record, the court erred in overruling the plaintiff's motion for a new trial. Let the judgment of the court below be reversed.

BLECKLEY, Judge, concurred in the head-notes.

JACKSON, Judge, concurring.

If the son held the land seven years during the life-time of the father, the son's title was good against a judgment obtained, pending the possession of the son, though the son did not hold possession seven years after the judgment. As the fact is in dispute, and not certain, that the father lived seven years after the son went into possession, it is well to try the case over, and in that view alone I concur in the judgment on the authority of 48 *Ga.*, 332.

If it shall be made to appear that the son held possession seven years in the life-time of the father, adversely to the father, then the presumption is conclusive that the father, seven years before, made the son a valid, legal gift to the land by deed properly made, attested and delivered ; and if such a deed, actually made and delivered, would have passed title out of the father to the son before the judgment, then the presumption being conclusive from seven years possession in the life-time of the father, without interruption, that such a deed was made seven years before, that deed, so presumed to have been made seven years before, also passed title out of the father at the date when, by presumption, it was made. Hence title would be in the son, and not in the father, when the judgment was obtained. See Code, §2664.