| 70 | 273 |
| 87 | 557 |

---

Hughes *et al. vs.* Berrien, administrator, *et al.*

Until a gift of land by a father to his son was completed, a judgment against the donor would bind the land and prevent the subsequent completion of the gift.　This case is governed by that in 59 *Ga.*, 136, where it was held that the lien of this judgment attached to the land prior to the consummation of the title.

(*a.*) The son was not a *bona fide* purchaser for value, and besides, he claimed to have been in possession when the judgment was obtained.　The rule as to four years' possession by a *bona fide* purchaser did not, therefore, apply.

April 17, 1883.

Judgments. Liens. Title. Volunteers. Before Judge
SNEAD. Richmond Superior Court. October Term, 1882.

Reported in the decision.

H. D. D. TWIGGS, for plaintiffs in error.

F. H. MILLER ; THOS. M. BERRIEN, for defendants.

CRAWFORD, Justice.

This bill was filed to compel the specific performance
of a parol contract for land, alleged to have been made
between William W. Hughes and his son, George W.
Hughes.

The controlling question in the case is as to the effect
which the lien of a judgment against the father would have
upon such a title, before the same had ripened in the son,
under §2664 of the Code.

The contract is alleged to have been made in May, 1865
and the judgment obtained in February, 1867; so that less
than two years had elapsed from the date of the contract to
the rendition of the judgment. The legal question in-
volved in this bill was ruled by this court, in the case of
*Hughes vs. Clark, administrator,* 59. *Ga.,* 136, which is
really the same case, with only a change of forum and the
addition of parties, thought to be necessary before an ad-
judication could be had. It was there held that the lien
of the judgment attached to the land prior to the con-
summation of title in George W. Hughes, the intestate of
Clark, the administrator, and the husband and father of
the complainants in this bill.

This lien having fastened itself on the land whilst the
title was in William W. Hughes, it became an incum-
brance thereon, and before the said George W. Hughes
could perfect his own title therein, he must remove it.
And if then it shall be made to appear that under the

aforesaid section of the Code he had acquired title, the same would be sustained by the law.

It was strongly urged on the argument, that the failure to levy on the land in controversy for more than four years after the judgment was obtained, discharged it from the lien of said judgment. We do not see the force or the application of this legal rule to this case. George W. Hughes was not a *bona fide* purchaser for a valuable consideration, and besides, he claims to have been in possession when the judgment was obtained.

We think, therefore, that the real question which settles this case is *res adjudicata* and the chancellor below committed no error in dismissing the bill.

Judgment affirmed.