Johnson *vs.* Griffin *et al.*

JOHNSON *vs.* GRIFFIN *et al.*

1. The plaintiff in an action of ejectment cannot engraft upon the declaration an amendment in the nature of a bill in equity, praying that one of the defendants be decreed to perform specifically a parol agreement for a gift of the premises in dispute, without alleging that such defendant is a resident of the county in which the suit is pending, or a non-resident of the State.
2. Under section 2664 of the code the presumption of gift by a father to a child is not confined to a gift by writing. The presumption may arise though it be certain that the father retained the paper title, and though that fact be admitted by the son. The assertion of dominion by the father which the statute contemplates, is over the property, not merely over the paper title. This construction is now adopted by a unanimous bench, and in so far as *Jones vs. Clark*, 59 *Ga.* 136, differs therefrom, that case is disapproved.

April 18, 1888.

Amendment. Gifts. Equity. Specific performance. Presumptions. Before Judge SMITH. Chattahoochee superior court. March term, 1887.

Reported in the decision.

PEABODY, BRANNON & BATTLE, for plaintiff in error.

C. J. THORNTON and EUGENE WYNN, *contra.*

BLECKLEY, Chief Justice.

Mrs. Griffin was the widow of Benjamin F. Johnson, who was the son of Samuel D. Johnson. After her marriage with Griffin she brought an action of ejectment in Chattahoochee county against certain persons. Her declaration contained several demises, one of which was in her favor as executrix of her deceased husband. Another was upon the title of her and her children, as his heirs at law. Pending the action, Samuel D. Johnson, who was not an original defendant, caused himself to be made a party defendant, upon the ground that the persons sued were his tenants. After he was added as a party, the cause proceeded to trial, and was tried before Judge Willis. It resulted in a verdict for the defendant, and the plaintiffs made a motion for a new trial, which was heard by Judge Willis's successor, Judge Smith, Willis having in the meantime died; and a new trial was granted. The grant of that new trial is the subject-matter of this writ of error.

1. The motion contained as grounds three matters, one of which was the rejection of an amendment offered by the plaintiff, Mrs. Griffin, as executrix of her deceased husband, which amendment alleged that the premises in dispute had been given by Samuel D. Johnson, the father, to Benjamin F. Johnson, and that the son had made valuable improvements on the faith of the gift; and the amendment prayed that the donor be compelled by the decree or judgment of the court to make a conveyance in pursuance of the parol gift. The amendment was disallowed; for what reason does not appear in the record; but we discover that there was a good reason, in this: that neither it, nor any other part of the record, alleged that Samuel D. Johnson, against whom the decree for specific performance was prayed, was a resident of the county of Chattahoochee. It was said in argument that the pendency of the action of

ejectment against him would give that court jurisdiction for this purpose also ; and *Markham vs. Huff*, 72 *Ga.* 874, and *Leyden vs. Hickman*, 75 *Ga.* 684, were cited to maintain this position ; but they do not apply, because they relate to the right of a defendant in a common law proceeding to maintain a bill against the defendant in that proceeding. Here, on the contrary, it was the plaintiff in the common law proceeding who filed a bill, or rather, who attempted to file an equitable pleading against a defendant in eject-ment.

Again, it was contended that this amendment could be upheld under the act of 16th October, 1885, (acts 1884–5, 36,) which is simply an act to give effect to the equitable jurisdiction of courts of law; but that act would not take in any person as defendant in Chattahoochee county who could not have been made a defendant in a proceeding in equity in Chattahoochee county before that act was passed.   The act was intended to enlarge the equity powers of courts of law; but neither a court of law nor a court of equity could maintain a proceeding in Chatta-hoochee county to compel Samuel D. Johnson to execute a conveyance, unless he was a resident of that county, or a non resident of the State.   If he had a residence in the State elsewhere than in that county, this sort of action whether brought at law or in equity, would have to be brought in the county of his residence.   There was no error, therefore, in ruling out the amendment.   Constitu-tion of 1877, code, §5169; *Sims vs. Sims*, 50 *Ga.* 572 *Bivins vs. Bivins*, 37 *Ga.* 346 ; *Taylor vs. Cloud*, 40 *Ga.* 288.

2. The motion for a new trial rested chiefly upon the general grounds that the verdict was contrary to the evi-dence, etc.   The evidence developed that there had been or might have been a gift of this land by the father to the son, and it showed with positive certainty that the son had resided upon the land and exercised acts of ownership over it for more than seven years without the payment of

rent.   There was evidence tending to show that he had acknowledged title in his father, and there was evidence tending to show that the father had said on divers occasions that he had given the land to his son, or that it was his son's land.   The great weight of the. evidence indicated that there never had been any conveyance executed by the father to the son.   And in order for this grant of a new trial to be upheld, it involves a construction of section 2664 of the code.  Under one construction of it, the new trial would be improper; but under another, it would be at least warranted.   To determine the question, therefore, it is necessary for us to construe this section.   It reads as follows:  " The exclusive possession by a child of lands belonging originally to the father, without payment of rent, for the space of seven years, shall create conclusive presumption of a gift, and convey title to the child, unless there is evidence of a loan or of a claim of dominion by the father acknowledged by the child, or of a disclaimer of title on the part of the child."   What is meant by the expression " shall create conclusive presumption of a gift, and convey title to the child?"   In *Jones vs. Clark et al.,* 59  *Ga.* 136, two members of this court thought that the presumption raised by the seven years' possession was of a written conveyance and not merely of a parol gift.   The third member, who was myself, not taking that view of it, acquiesced in the judgment in that case upon the simple announcement of what is contained in the head-notes, as the report of the case will show ; and the head-notes do not embrace the one side or the. other of this construction. They merely looked to the special circumstances of that case, and all the members of the court concurred in the judgment rendered there, and this matter arose simply in the reasoning of the two judges who wrote opinions; I wrote none.   If there has to be a presumption of a written conveyance, the evidence in this case is overwhelming that there was no such conveyance.   The son recognized the paper title as resting in the father, even after the seven

years expired, and the father did have, under the evidence, the paper title; so that if the son's acknowledgment that the paper title is in his father is to defeat this gift, the verdict was right; but if that acknowledgment will not do it, the verdict may or may not have been right, according to what he really meant by the admissions which he made.

The court, as now constituted, think that under the language of this section, the law does not define the character of the gift, whether written or oral. It conclusively presumes a gift, a parol gift, or one in writing; the gift though in parol, if acted upon and asserted for seven years without the payment of rent, and without the claim of dominion by the father over the property,—not over the paper title, but over the property, is effective, and the son's acknowledgment that the paper title is in his father will not prevent the statute from taking hold and completing the gift. The statute says that this exclusive possession, without payment of rent, for the space of seven years, shall create conclusive presumption of a gift and convey title to the child; it does not require any deed to convey it. The possession continued so long, under such circumstances, will convey title to the child. Until that term has elapsed, the gift is incomplete; it is revocable, if it is in parol, but after the lapse of seven years, the title passes, under this statute, whether there has been a deed executed or not; and it is not at all inconsistent that there should be a parol gift perfected under the statute, and yet the father have the paper title. The effect would be simply that the paper title is defeated by the statutory title; that is all. And it does not follow, therefore, that the recognition by Benjamin F. Johnson of a paper title in his father, either while the seven years were running or after they expired, would be anything derogatory to his claim by virtue of the gift. If he meant, in making this acknowledgment, that the gift was made, but it was in parol, and that he was standing upon the gift, it does not matter where the paper title was or where he acknowl-

edged it was. It was perfectly consistent with the gift by parol for the paper title to have been retained by the father.

These being our views, we think that the court was at least justifiable in granting this new trial,—more especially as, after looking into the charge, which is in the record in full, it does not appear that this view was presented to the jury. It ought to be presented upon a second trial of this case, and the jury ought to be called upon to determine, not merely whether there has been a recognition of paper title in the father, but whether that recognition meant that there was no gift. If it meant that,—if that is the construction to be put upon it, that it was the father's land really as well as on paper, there ought to be no recovery in this action; but if the meaning of the son's admission was that "it is my land by gift, and by what I have done under that gift, but my father has the paper title, and I would like to get that in, so as to afford evidence that it is my land without going to the trouble to prove it every time my title is asserted,"—if the admissions meant this, they are consistent with his right under the gift, and with the effect of this statute, as we now construe it, in such a case.

Another ground was that of newly-discovered evidence, which it is unnecessary to discuss, because we affirm the judgment upon the general merits of the case. It is better for the case to be tried over, under the construction of this section of the code which we now, for the first time, announce by unanimous decision of the whole bench. Following the opinion of the two members of the court in the former case, and applying their view to the facts in evidence would conduct to a wrong conclusion with reference to the standing of this alleged gift.

Judgment affirmed.