THAGGARD *v.* CRAWFORD, agent, for use, etc.

1. Assent to a devise of land may be presumed from evidence showing that within a short period after the death of the testator, the devisee went into possession and so remained for a long period of years without interference or disturbance in any manner by the executor.
2. A parol gift of land, without more, is ineffectual to pass title to the donee.

Submitted November 10,—Decided November 28, 1900.

Levy and claim.   Before Judge Butt.   Marion superior court. April term, 1900.

*Simeon Blue,* for plaintiff in error.
*W. D. Crawford, J. J. Dunham,* and *John C. Butt,* contra.

LEWIS, J.   Crawford, agent, for use of the Buena Vista Loan and Savings Bank, obtained a judgment in a justice's court against W. C. Thaggard, upon which judgment a fi. fa. was issued and levied upon a one-eighth undivided interest in a certain tract of fifty acres of land claimed by Miss Fannie Thaggard, in her own right, and as trustee for Mercer and Lowry Thaggard, minor children.   On the trial of the issue thus formed by this claim, plaintiff in fi. fa. offered in evidence a certified copy of the last will and testament of William Thaggard, dated May 26, 1871, which was probated at the June term, 1878, of the ordinary's court of Marion county. It appeared in that will·that he devised to William M. Thaggard the whole of the 50-acre tract of land, an undivided one-eighth interest of which was levied on in this case.   The claimant objected

to this proof at the time, upon the ground that no assent of the executor had been shown. The will showed the appointment of the executor, and the testimony showed that William M. Thaggard went into possession of the land two or three years after the death of his father, that he remained in possession thereof for several years, and was in possession at the time of his death. It was thought he died in the year 1897. The court overruled the objection to the testimony, the only ground thereof being that no assent of the executor to the legacy had been shown. The court, after hearing the evidence, directed a verdict in favor of the plaintiff, finding the property subject, to which ruling claimant excepts.

We think the facts shown in the case were sufficient to authorize the presumption that the executor assented to the devise of the land to the person named, as the devisee went into possession a short time after the death of the testator, and remained in possession for a number of years without any disturbance in any manner by the executor. The defendant in fi. fa. was one of the heirs at law of this devisee. Fannie Thaggard, who claimed for her own use and for the minor children, testified that before her father's death he verbally gave to her and the minors his entire estate, with the understanding that she should take possession thereof, manage and control the same, and take care of and maintain the children as long as they were minors. Complaint is made that the court erred in sustaining the objection made to this evidence by plaintiff's counsel upon the ground that, her father having died, she was incompetent to testify. We do not think it necessary in this connection to decide the question whether or not the court erred in ruling out this testimony on the ground stated. The evidence of the claimant sought to be introduced was only to show a parol gift by the claimant's father of the land in dispute. That seemed to be the only testimony the claimant relied upon. It was not accompanied with possession for seven years, or with any proof of acts of improvement of the premises, made by the claimants after obtaining such possession as would raise, under the law, a presumption of a valid gift. Civil Code, § 3571, declares: "The exclusive possession by a child of lands belonging originally to the father, without payment of rent, for the space of seven years, shall create conclusive presumption of a gift, and convey title to the child, unless there is evidence of a loan, or of a claim of dominion by the father

acknowledged by the child, or of a disclaimer of title on the part of the child." The evidence that was ruled out by the court did not even tend to establish a presumptive gift. The claimant relied on an alleged actual gift by parol, but made no effort to prove anything like substantial improvements by the donee. Such a parol gift of land, unless accompanied with equities arising by the establishment of improvements, does not convey title to land. See *Jones* v. *Clark*, 59 *Ga.* 136, in which this court pointed out the distinction between a gift presumed from possession and an actual parol gift, and held that the latter would not of itself alone pass title. It is true, in *Johnson* v. *Griffin*, 80 *Ga.* 551, this court has decided that, under the section of the code above mentioned, the presumption of a gift ·by a father to a child is not confined to a gift by writing. The presumption may arise though it be certain that the father retained the paper title, and though that fact be admitted by the son. To the extent here indicated the ruling in the *Jones* case, that the presumptive gift referred to was a gift evidenced exclusively by a writing, was disapproved; but the court did not hold in the *Johnson* case, and probably will never hold, that a naked parol gift will pass title to land. The evidence which was ruled out failing to establish anything more than such a gift by the father to his children, no harm was done plaintiffs in error by the court when it excluded from the jury such testimony.

*Judgment affirmed. All the Justices concurring.*