12483.   HODGSON *v.* HODGSON *et al.,* executors.

1. To constitute a valid parol gift of land, it is necessary not only that the donee should take possession under the gift, but that he should make valuable improvements thereon upon the faith of the donor's promise, or declared intention, to make the gift.  Valuable improvements made and paid for by the donor, even though made by him for the benefit of the donee, or in the nature of a gift to the donee, can not be regarded as improvements made by the donee.

2. A suit against the executors of a will by one seeking to recover the value of certain real estate, which the executors had administered upon as the property of the testator, but to which the plaintiff claims to have had title by virtue of an alleged gift to him from the testator, prior to the execution of the will, is not a suit which involves the validity of or the construction of a will, or a suit respecting title to land.  The case is therefore not one reviewable exclusively by the Supreme Court, but may be reviewed by the Court of Appeals.

                    DECIDED FEBRUARY 22, 1922.

Complaint; from Clarke superior court — Judge Fortson.  April 27, 1921.

*John J. Strickland,* for plaintiff.

*John B. Gamble, Philip Weltner,* for defendants.

STEPHENS, J. 1.   This is a suit by Mrs. Sallie P. Hodgson against J. M. Hodgson and H. E. Choate, executors of the estate of her husband, A. H. Hodgson, who died August 9, 1913, to recover the value of certain real estate which A. H. Hodgson the testator, had owned, and which the executors, J. M. Hodgson and John R. White, the latter having been succeeded by H. E. Choate, had taken and administered upon as part of the estate but to which the plaintiff claimed title by virtue of an alleged gift to her from her husband.

The plaintiff in her petition alleges that she and her husband, the testator, were living together upon certain described premises, which she calls a "home," in the City of Athens, which premises are described in the petition; that her husband was in bad health for some years before his death and realized that his death was approaching; that he desired to provide a suitable home for the plaintiff and her two minor children, and with that in view gave to the plaintiff the, described property, which was "his home" and placed her in possession of the same before executing his will, on April 26, 1913; that her husband spent several thousand dollars in repairing and remodeling "his home;" that when so doing he

requested the plaintiff to indicate what changes she desired to be made on the premises, giving as his reason therefor that he had given the property to her and expected to put it in such a condition as she desired, so that she could have a comfortable home after his death; that, "in line with this gift," her husband had shortly before his death set out certain roses and other flowers, stating that he was "fixing" the plaintiff's home so that she could enjoy it after his death; and that her husband from time to time, even to the day of his death, repeatedly stated that he had given the described premises to the plaintiff. The will of the testator and a codicil thereto are set out in full in the petition, and certain paragraphs taken therefrom are emphasized by the plaintiff as containing expressions denoting an assumption on the part of the testator that he had, before the execution of the will, made a gift of some realty to the plaintiff. Nowhere is it alleged in the plaintiff's petition that she made any improvements whatever upon the premises which she alleged that her husband had given to her, nor does it appear that the alleged possession, which she claims as having derived from her husband, was other than such possession and dominion over the home as a husband, with title in himself and with no intention to part therewith, would allow his wife, living with him in such home, to assume.

From the allegations in the petition it appears that the alleged gift was entirely in parol. To constitute a valid parol gift of land it is necessary, not only that the donee should take possession under the gift, but that he make valuable improvements thereon upon the faith of the donor's promise, or declared intention, to make the gift. Civil Code (1910), §§ 4634, 4636; *Holland* v. *Atkinson,* 112 *Ga.* 346 (37 S. E. 380); *Thaggard* v. *Crawford,* 112 *Ga.* 326 (2) (37 S. E. 367); *Chamblee* v. *Phillips,* 26 *Ga. App.* 364 (106 S. E. 192). Assuming, therefore, that the plaintiff has shown by her allegations that she was placed in possession of the premises as the owner, her petition fails to disclose the existence of a valid gift when it appears from the allegations in the petition that the gift was in parol, in the absence of any allegation that she made valuable improvements upon the premises upon the faith of the donor's promise or declared intention to give the premises to her. The petition fails to allege that any improvements were made upon the premises by the plaintiff. The alleged improve-

ments made by the donor, even though made by him for the plaintiff's benefit and accompanied with the donor's declared intention to donate the property to the plaintiff, can not be regarded as improvements made by the donee upon the faith of the donor's promise or declared intention to make the gift. It is the act of the donee, disassociated from any act of the donor, connected with the placing of valuable improvements upon the premises, which operates to place the improvements thereon upon the faith of the donor's promise and which will take the gift without the statute of frauds and render it valid and enforceable. Since the allegations of the petition are insufficient to show the existence of a valid gift of the premises from the testator to the plaintiff, the petition was properly dismissed on general demurrer. *Becker* v. *Donalson,* 138 *Ga.* 634 (5 *b*) (75 S. E. 1122); *Printup* v. *Mitchell,* 17 *Ga.* 558; *Jones* v. *Clark,* 59 *Ga.* 136; *Redman* v. *Mays,* 129 *Ga.* 435 (59 S. E. 212); Civil Code (1910), § 4144 et seq.

The contention that the testator's intention to make a gift of the land to his wife can be obtained from the provisions of the will, and therefore that the gift does not rest entirely in parol, is not well founded. Nowhere in the will is there any expression which can be construed as amounting to any statement or declaration by the testator of an intention to give the land to his wife. The plaintiff, in her petition, does not predicate the alleged gift upon the statements made by the testator in his will. If so, she would have taken under the will and not under the alleged gift made in the testator's lifetime. The expressions of the testator in the will, relied upon by the plaintiff, make no reference to the specific land in controversy, but at best, under the most favorable construction which can be given to them in support of the plaintiff's contention, amount only to an assumption by the testator that he had, before making his will, given to the plaintiff some property, and whether or not it is real estate is ambiguous and uncertain. The provisions of the will, therefore, are not sufficient to establish the plaintiff's contention that the alleged gift does not rest entirely in parol.

Whether or not the petition fails to set out a cause of action against the executor, H. E. Choate, who succeeded John R. White as executor, upon the ground that H. E. Choate did not participate in the alleged wrongful act, it is unnecessary to decide.

2. This proceeding is a suit at law based upon the alleged existence of a gift arising outside of and independently of the testator's will. It is not a proceeding which in any way calls for any decree of the court or any judgment adjudicating the rights arising to any one under the will. It is therefore not a case involving " the validity of or the construction of " a will. Nor, under the authority of the decision in *Lowe* v. *Mann, 74 Ga.* 387, approved in *Elkins* v. *Merritt*, 146 *Ga.* 647 (92 S. E. 51), is it a case " respecting titles to land," reviewable only by the Supreme Court under the amendment to the constitution fixing the jurisdiction of the Supreme Court and the Court of Appeals, adopted in 1916 (Park's Code Supp. 1917, § 6502, p. 742). The Court of Appeals therefore has jurisdiction to review the judgment of the superior court of Clarke county sustaining the defendant's demurrer and dismissing the petition in this case. The motion of the defendant in error to transfer the case to the Supreme Court must therefore be denied.

*Judgment affirmed. Jenkins, P. J., concurs. Hill, J., absent on account of illness.*