## 17919.   BURT *v.* GOOCH *et al.*

1. In this suit to partition lands, which was defended solely upon the ground that, in virtue of a parol gift from the persons under whom the plaintiff claimed title, the defendant was the owner of a life estate in the interests sought to be partitioned, the evidence introduced to establish such gift was, as a matter of law, insufficient for that purpose; and, the evidence having shown without dispute that the plaintiff was the owner of the undivided interests in the land, as alleged in the petition, the verdict in favor of the defendant was unauthorized and should have been set aside on the general grounds of the plaintiff's motion for a new trial.

2. The court erred in admitting, over appropriate objections, certain documentary evidence, as shown in division 2 of the opinion.

3. The court erred in instructing the jury in such way as to imply that the suit was intended to evict the defendant, and to deny her any share in the proceeds of the partition sale, where the suit was not designed for such purpose, but conceded the defendant's right to participate in such proceeds according to her interest, should the sale be ordered.

4. In view of the issues as made by the evidence and a stipulation in the record, none of the instructions which it is claimed were erroneously omitted would have been pertinent. The court erred in refusing a new trial.

DECIDED OCTOBER 15, 1927.

---

Evidence, 22 C. J. p. 904, n. 44, 45; p. 929, n. 75; p. 930, n. 90.
Gifts, 28 C. J. p. 655, n. 45; p. 656, n. 49, 52; p. 657, n. 57, 60, 61.
Infants, 31 C. J. p. 1033, n. 79, 85.
New Trial, 29 Cyc. p. 786, n. 87.
Partition, 30 Cyc. p. 245, n. 69; p. 247, n. 91.

Application for partition; from Dawson superior court—Judge J. B. Jones.   December 28, 1926.

*E. C. Brannon,* for plaintiff.   *B. P. Gaillard Jr.,* for defendants.

BELL, J.   R. E. Burt brought a suit against Mrs. Missouri Gooch and others to partition lands by sale.   Mrs. Gooch alone defended.   The trial resulted adversely to the plaintiff, and he excepted to the overruling of his motion for a new trial.   The plaintiff predicated his title or common tenancy upon deeds made to him by the sheriff on October 7, 1924, in pursuance of a judicial sale of the respective interests of Charlie and Raymond Gooch in the home place of their deceased father, W. H. Gooch, who died intestate on July 10, 1905, leaving as his heirs his widow, Mrs. Missouri Gooch, and eight children, including Charlie and Raymond.   On July 19, 1905, four of the children made a deed purporting to grant to their mother, Mrs. Gooch, a life estate in their respective interests in the place, but at this time Raymond and Charlie were minors, each under the age of ten years, and did not join in this deed.   Although the other remaining children appear to have signed the deed in the meantime, there was no attempt by Raymond or Charlie to become parties thereto until August 2, 1924.   In March, 1922, judgments were obtained against Raymond and Charlie, and executions issued thereon were entered on the general execution docket in April, 1922.   It was under these executions that the interests of Raymond and Charlie were levied on and sold by the sheriff, and these interests constituted the subject-matter of the present controversy.   Mrs. Gooch claimed that she had acquired a life estate in the shares of all the children, and therefore that the plaintiff would not be entitled to a partition of the property until after her death.   She sought to show that on August 2, 1924, her son Raymond joined in the deed of July 19, 1905, both for himself and for Charlie, by adding their names to the deed, and that he, Raymond, had authority to sign for Charlie by virtue of a letter written to him by the latter in Texas, telling him to "sign that deed."   The deed was recorded promptly after its execution by the original signers, but was not rerecorded after the purported execution by Raymond and Charlie.   The deed and letter were both introduced in evidence over objection.   It was stipulated in the record that the issue to be submitted to the jury was "the effect of a parol

agreement on the right of Mrs. Missouri Gooch to a life interest in the estate, and whether or not a parol agreement and the later confirmation of the same by the minors, Raymond and Charlie Gooch, . . had the effect of conveying such life estate to Mrs. Missouri Gooch, so as to prevent a partitioning of these lands." In the motion for a new trial the plaintiff assigned error upon the admission of the deed and letter in evidence, and excepted also to a portion of the court's charge and to certain omissions to charge. The only testimony upon the trial was that of Mrs. Gooch, from which we quote as follows: "Charlie and Raymond were minors at the time the others signed [referring to the deed of July 19, 1905], and later they signed the deed in the presence of Roy Reece, a J. P. That was done on the 2d day of August, 1924. The agreement between me and the children was that I should live there on this land and have a life estate in it until my death, and make my living on it and stay right there on the place. The land was to be mine so long as I lived. Under that agreement I have lived right there up to the present time. I have lived there from the death of my husband up to the present time under that agreement and under this deed. This deed was signed the 19th day of July, 1905, and it was some time in that same month that this agreement was made between me and the children about the life estate. After this agreement this deed was executed as a consummation of that agreement. It was a love-and-affection deed, made to me for life. None of the children ever objected to me having a life estate, and never said a word to me about not living on it according to our agreement.

. . I have made valuable improvements on the place under this deed and agreement with the children. I had the mill covered, a new wheel built, a new race fixed, bought new piping, and fixed it up new and paid for that myself. I have covered the dwelling and barn this spring. I built a barn and crib too since this deed. I have tried to keep the place up as good as possible, and did these improvements on the faith that I would stay there and have a life estate on it. This agreement was made just a few days after the death of my husband. At the time—the time of the agreement and the deed—Raymond Gooch was four years old, and Charlie was two. There has been no agreement since that time, and these two children have been living there with me all

the time up till about three years ago. Raymond is still with me. They all lived with me at the time of the agreement and deed. The money I made on the farm I spent on the improvements. . . I was present when Raymond and Charlie signed. Raymond signed for Charlie; Charlie wasn't here; he hadn't been here for about two years prior to that time. . . I never paid the children anything for this deed. They just made a love-and-affection deed to me to have a home. No money passed at the time. The deed was just made to me. . . Raymond still lives on the place and Charlie has been gone about three years, but up until then he lived with me all the time. All the children knew of this gift of the heirs to me. They never objected, and they agreed to it. The understanding was they were to give me their part. This letter from Charlie to Raymond states and authorizes Raymond to sign that deed for him. Raymond and Charlie knew that the others had given me a life estate in this; and—they were raised up to know that." "That is Charlie Gooch's handwriting. I know it and have seen it many times, and that is it. We received that letter by due course of mail. Charlie hasn't been back here since that deed was signed." None of Mrs. Gooch's other testimony was material to the questions presented for decision.

1. The verdict should have been set aside upon the general grounds of the motion for new trial. The fact that Mrs. Gooch may have owned an undivided interest in the property as one of the heirs and may have acquired a life-estate in the interests of other heirs would not prevent a partition of the lands at the instance of the plaintiff, if he owned title to the interests of Raymond and Charlie, unencumbered by the life estate. One who holds title to an undivided interest in land may not, in a suit to partition the land, be defeated merely because the party against whom the partition is sought may own a life estate in other undivided interests. *Teasley* v. *Hulme,* 150 *Ga.* 495 (104 S. E. 151, 12 A. L. R. 641); *Rutland* v. *Ridgdill,* 153 *Ga.* 212 (112 S. E. 278). Nor will a partition be denied because the defendant may have erected valuable improvements upon the property, although the person making such improvements may, in certain circumstances, be entitled to certain equities because of the same. *Smith* v. *Smith,* 133 *Ga.* 170 (10, 11) (65 S. E. 414); *Wallon* v. *Ward,*

142 *Ga.* 385 (82 S. E. 1067); *Koplin* v. *Sharlle Co.,* 150 *Ga.*
509 (4) (104 S. E. 217). In order for Mrs. Gooch to assert
a life estate in the interest of Raymond and Charlie it was neces-
sary for her to show a conveyance thereof prior to the record of
the executions against them in April, 1922. The attempted con-
veyance of August 2, 1924, even if effective, was subject to the
lien under which the sheriff sold the property to the plaintiff.
Civil Code (1910), §§ 3321, 5946. Mrs. Gooch relied, however,
upon an antecedent parol gift by the two sons mentioned of a
life estate in their interests. A parol gift of land, without more,
is ineffectual to pass title to the donee. *Thaggard* v. *Crawford,*
112 *Ga.* 326 (2) (37 S. E. 367). Possession of lands under a
voluntary agreement, upon a meritorious consideration, with val-
uable improvements made upon the faith thereof, will invest the
holder with such right that he may not be ousted. Civil Code
(1910), § 4636; *Ogden* v. *Dodge County,* 97 *Ga.* 461 (25 S. E.
321); *Bell* v. *Sappington,* 111 *Ga.* 391 (36 S. E. 780); *Hadden*
v. *Thompson,* 118 *Ga.* 207 (44 S. E. 1001); *Hughes* v. *Hughes,*
72 *Ga.* 173 (8); *Kemp* v. *Hammock,* 144 *Ga.* 717 (87 S. E.
1030). The improvements must be valuable, and it is not suf-
ficient to show repairs which are slight and trivial or which are
of a temporary character and merely for the convenience of the
tenant. *Porter* v. *Allen,* 54 *Ga.* 624; *Holland* v. *Atkinson,* 112
*Ga.* 346 (37 S. E. 380). Such a gift of land, with such possession
by the donee, is not complete until such valuable improvements
have been made upon the faith of the gift; and in the meantime
the property remains subject to liens against the donor. *Jones*
v. *Clark,* 59 *Ga.* 137 (1); *Johnson* v. *Griffin,* 80 *Ga.* 551 (2) (7
S. E. 94); *Thaggard* v. *Crawford,* 112 *Ga.* 326, 328 (37 S. E.
367). In the present case, however, there is no evidence even of
a parol gift by Raymond and Charlie. According to Mrs. Gooch's
testimony, the agreement upon which she relies was "made just
a few days after the death" of her husband. "There has been
no agreement since that time." Raymond and Charlie were then
each under ten years of age, and therefore conclusively incapable
of making a gift or contract. Whatever, if anything, they may
then have attempted to do toward making a gift to their mother
of a life estate in their property amounted to nothing, and hence

20

could not be the subject of affirmance or disaffirmance on their arrival at majority. *Edwards* v. *State*, 80 *Ga.* 127, 129 (4 S. E. 268); *Rhodes* v. *Ga. R. Co.*, 84 *Ga.* 320, 323 (10 S. E. 922, 20 Am. St. R. 362); *Atlanta & West Point R. Co.* v. *West*, 121 *Ga.* 641 (4) (49 S. E. 711, 67 L. R. A. 701, 104 Am. St. R. 179); Civil Code (1910), §§ 4232, 4501; Penal Code, §§ 33, 34. Nor could the making of valuable improvements by the mother complete and render effective as a gift an undertaking made by them at such tender ages. It is true that whether a gift or contract by a minor will be affirmed or disaffirmed on his arrival at majority is a matter of personal privilege; but in the present case it appears that there was nothing to ratify. It follows from what has been said that the defendant in error, Mrs. Gooch, failed to show a life estate in the interests claimed in the property by the plaintiff, and the verdict in her favor should have been set aside. In this view, no question is involved as to what would be necessary to show ratification of a gift of land by a minor.

2. The deed of July 19, 1905, and the letter from Charlie to Raymond, purporting to authorize him to "sign that deed," should both have been excluded from evidence. Neither of them illustrated any issue in the case; and furthermore, the deed was never recorded and there was no proper proof of its execution as to Raymond and Charlie. Civil Code (1910), §§ 4210, 5828, 5833, 5834. In addition to this, the letter was too indefinite to be the basis of authority to convey land. Whether the deed and the letter were inadmissible for other reasons than those stated need not be decided.

3. The court instructed the jury that the proceeding brought by the plaintiff was to partition the land and to have the same sold and the proceeds "divided between the plaintiff and the other heirs," and that objections had been made "by Mrs. Gooch, the defendant," and that the other heirs had filed no objections "except sustaining her view of it." Mrs. Gooch, in her answer, had contended that the proceeding would have the effect of evicting or removing her from the possession of her alleged life estate, and, in view of this allegation, the plaintiff excepted to the above charge upon the ground that it was susceptible of the construction that the proceedings were intended to evict Mrs. Gooch, and that she was not one of the heirs who would share in the distribution

of the proceeds of the sale. We think the charge was erroneous. It was calculated to impress the jury that if the plaintiff prevailed, the widow would be evicted without sharing in the proceeds to be derived from the sale of the entire property; whereas the suit was not designed to have any such purpose. Such misstatement of the purpose of the plaintiff's action, though doubtless inadvertent on the part of the court, was probably prejudicial to the plaintiff.

4. There is no merit in any of the grounds of the motion for a new trial complaining of omissions to charge. In view of the stipulation as to the issue to be submitted and in further view of the limited scope of the evidence introduced, none of the instructions which it is claimed the court should have given would have been pertinent. For the reasons given above, the court erred in refusing a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*