BEETLES *v.* STEADHAM.

No. 12168. MAY 11, 1938.

*Edwards & Edwards,* for plaintiff in error.

*J. J. Reese* and *A. B. Taylor,* contra.

BELL, Justice. W. L. Steadham instituted an action for land against Callie Beetles. The defendant filed an answer admitting possession, but denying the plaintiff's claim of title. The trial resulted in a verdict for the plaintiff, and the defendant excepted to the refusal of a new trial. In the brief of counsel for the plaintiff in error it is stated that the court directed the verdict. The record, however, contains no assignment of error on such ruling, and therefore the case must be determined by this court as though the issues had been submitted to the jury. *Hightower* v. *Hightower,* 159 *Ga.* 769 (9) (127 S. E. 103) ; *Gilliard* v. *Johnston,* 161 *Ga.* 17 (129 S. E. 434). The motion for a new trial was based upon the general grounds and one special ground. In a supplemental brief the plaintiff in error abandoned the special ground; and so the only question for decision is whether the evidence was sufficient to support the verdict. The plaintiff attached to his petition a chain of title beginning in the year 1890 and ending with a warranty deed purporting to convey the land in question to him in 1926. This deed was executed by two persons, one of whom the evidence showed was the husband of the defendant, but is now deceased. This deed bore an entry by the clerk of the superior court, showing that it was duly recorded on January 4, 1927. The plaintiff testified that when he bought the land Callie Beetles, the defendant, was in the house, and that she had been there ever since; that he had cultivated the land several years before the suit; that he had demanded of the defendant that she vacate the dwelling-house, but that she replied she did not have anywhere to go. He also testified that W. B. Beetles, one of the grantors in the deed to himself, was the husband of the defendant. There was no evidence to the contrary. The plaintiff, however, did not seek to recover on prior possession or on prescriptive title. Nor did he trace his title to the State. In these circumstances, it is contended by the plaintiff in error that the verdict for the plaintiff was unauthorized. We would be inclined to agree to this contention except for the fact that it appears from the evidence that the plaintiff and the defendant claimed under a common propositus, namely the de-

fendant's husband, and that as between such conflicting claims the evidence was sufficient to show that the claim of the plaintiff was superior. "If it appears that the plaintiff and the defendant both claim under a common grantor, or propositus, that common grantor or propositus will, for the purposes of the case, be treated as a true and original source of title; and the plaintiff may recover by showing legal title and right of entry as derived from that source." Powell on Actions for Land, 473, § 361; *Florida Yellow Pine Co.* v. *Flint River Naval Stores Co.,* 140 *Ga.* 321 (78 S. E. 900) ; *Willie* v. *Hines-Yelton Lumber Co.,* 167 *Ga.* 883, 890 (146 S. E. 901). If the plaintiff shows that the defendant holds under the grantor under whom he claims, he makes a prima facie case for the application of the ordinary rule relieving the plaintiff of the necessity of proving title into the common source. The plaintiff may examine the defendant orally on the witness-stand, for the purpose of showing that he or she holds under the common grantor. *Brinkley* v. *Bell,* 126 *Ga.* 480 (55 S. E. 187) ; Powell on Actions for Land, 477, 480, §§ 363, 365.

The plaintiff further testified that the defendant "has been since the death of her husband living in the same house. She tells me that she didn't want anything but the house, except she wanted to stay in the house." The defendant testified in her own behalf as follows: "I told him [the plaintiff] I wasn't going to move, because I didn't have nowhere to go; my husband give me that, long before he died, in my lifetime to stay there, and I had nowhere to go, and I was going to stay there. . . It has been ever since the old man died, nearly ten years he [the plaintiff] has been coming back and forth to me about moving. . . I claim title to this land; the old man give it to me for my lifetime. I haven't got no deed. No paper, no more than just his word." Under this evidence the jury were authorized to find that the defendant had no claim to the land except a parol gift by her husband, since deceased, and therefore that she and the plaintiff held under a common grantor. Possession of land under a voluntary agreement, based upon a meritorious consideration, with valuable improvements made upon the faith thereof, will invest the holder with such right or equity that he can not be ousted by the donor, or by a purchaser from him with notice. Code, §§ 37-804, 85-408. A mere parol gift, however, is not, without more, sufficient to pass title, nor

will it vest in the donee any right or equity as against a subsequent purchaser from the donor, with or without notice. *Jones* v. *Clark,* 59 *Ga.* 136 (2); *Kilpatrick* v. *Strozier,* 67 *Ga.* 247 (8); *Hughes* v. *Berrien,* 70 *Ga.* 273; *Thaggard* v. *Crawford,* 112 *Ga.* 326 (2) (37 S. E. 367); *Holland* v. *Atkinson,* 112 *Ga.* 346 (37 S. E. 380); *Kemp* v. *Hammock,* 144 *Ga.* 717 (3) (87 S. E. 1030); *Hodgson* v. *Hodgson,* 28 *Ga. App.* 250 (110 S. E. 754); *Burt* v. *Gooch,* 37 *Ga. App.* 301 (139 S: E. 912). In the instant case there was no evidence that the defendant as donee made any valuable improvements on the property, or that she had acquired prescriptive title by actual possession. *Louisville & Nashville Railroad Co.* v. *Ramsay,* 134 *Ga.* 107 (4), 111 (67 S. E. 652). It appears from the evidence that at the time of the sale to the plaintiff the gift from the grantor to the defendant was incomplete and revocable. *Johnson* v. *Griffin,* 80 *Ga.* 551 (2) (7 S. E. 94); *Thompson* v. *Ray,* 92 *Ga.* 285 (18 S. E. 59); *Kerr* v. *Kerr,* 183 *Ga.* 573 (3-*a*) (189 S. E. 20). The verdict for the plaintiff was authorized by the evidence, and the court did not err in overruling the motion for a new trial. *Judgment affirmed. All the Justices concur.*