CURTIS *et al. v.* MOSS.

No. 12908. NOVEMBER 14, 1939.

*R. Carter Pittman* and *Jack B. Ray,* for plaintiffs.

*Y. A. Henderson,* for defendant.

ATKINSON, Presiding Justice. A testator executed a will in 1925. By item 3 he devised to his wife Deliah, and his daughter Willie Mae, for and during their natural lives, "my home or that

portion of my lands designated as lot of land number two hundred and seventy-four (274), . . to have and to hold the same jointly during their lives, . . and at the death of both of them the same to become the property in fee simple of my grandchildren, share and share alike." By item 7 the testator directed that land lot number 267 be divided into four lots, each to contain forty acres, more or less, except one on which a schoolhouse was located, which should contain thirty-seven acres, more or less. It also directed that a fifth lot containing forty acres be carved from the northwest corner of lot number 273. Following such directions item 7 devised "one (1) each of the aforesaid lots to each of my children, to wit, A. L. Curtis, D. C. Curtis, Mrs. A. V. Wise, and Mrs. A. S. Knight and H. C. Curtis, for and during the natural life of each of them, and at the death of each of my said children his or her said lot to become the property of his or her bodily heirs, the same being my direct and lineal descendants, in fee simple, share and share alike." In item 8 it was directed that the remainder of lot number 273 consisting of approximately 120 acres be held under direction of the executrix, for the common use "of all my heirs, for the purpose of obtaining therefrom firewood and timber necessary to be used for needed repairs on my lands in this will disposed of." In item 10 the testator bequeathed "to each of my grandchildren in life at the time of my death the sum of one hundred ($100.00) dollars." On April 5, 1928, the testator executed a codicil which expressly reaffirmed all the provisions of the will, except in so far as modified by the codicil. The codicil purported to strike certain provisions of the fifth, eighth, and tenth items of the will. In lieu of the provisions of item 10 the testator, in item 3 of the codicil, devised "all the remainder and residue of my estate not in my said will nor in this codicil otherwise disposed of . . to the Calhoun National Bank, a corporation, as trustee, for the benefit of all my grandchildren living at the time of my death and those born thereafter during the period of said trust estate, for a term of twenty (20) years from the date of my death." In said item 3 and in items 4 and 5 certain powers were conferred upon the trustee, to be observed in execution of the trust. None of the provisions of the codicil purported to change the will otherwise than as stated above. On December 14 of the same year, 1928, the testator executed a second

codicil in which he stated: "I amend and change item seven (7) of my said will . . by striking from said will and said paragraph the following words, to wit: 'and that from the northwest corner of lot of land number two hundred seventy-three (273) in the fourteenth (14th) district and third (3d) section of said county there shall be carved out a lot of forty (40) acres in the form of a square.' It is my will and desire that said provision be no longer any part of my will. It is my will and desire also that said item seven (7) of said will be so amended as that thereunder I give and bequeath and desire one each of the lots referred to in said item seven (7), but not including the lot carved out of land lot 273, to each of my children, to wit: A. L. Curtis, Mrs. A. V. Wise, Mrs. A. S. Knight, and H. C. Curtis; my son D. C. Curtis being excluded therefrom. It is my will further that in the distribution of lots provided for in said item seven (7) of my said will the four of my children above named, but not including D. C. Curtis, participate, and that the lots to be divided be four in number and be the lots specified in land lot number 267, as originally provided in said item seven (7) of my said will. I have made this change in said item seven (7) in my will for the reason that I have heretofore made and executed to my said son, D. C. Curtis, a deed to forty (40) acres of land, more or less, in the form of a square, in the southwest corner of land lot number two hundred seventy-three (273), being the southwest quarter of said lot; and for this reason my said son is not to participate in the distribution of lots, as originally provided under my said will, and has no further interest in my estate after the making of the deed aforesaid."

H. C. Curtis, one of the devisees taking under this devise certain realty described as "tract number one," sold and conveyed it in fee simple. After the death of H. C. Curtis his children brought suit against the grantee, to recover the land, asserting title thereto by purchase as remaindermen under the will. The exception is to an order sustaining a general demurrer and dismissing the action. In the brief of the attorneys for the plaintiffs it is stated: "The sole question for decision in this case is: Did the first item of the second codicil convert the life-estate granted by item 7 of the will into a fee-simple estate in H. C. Curtis?" This statement was agreed to in the brief of the attorney for the defendant.

■ ■ The rulings announced in the first and third headnotes do not require elaboration.

■ The rivalry produced by the will is as to rights of children of the testator as against rights of his grandchildren. By item 7 of the will separate life-estates in particular lots of land were provided for children, with vested remainders to their children (grandchildren of the testator). By item 10 grandchildren were also bequeathed $100 each. The will so remained for more than three years, when the first codicil was executed. By that instrument item 10 was revoked, thus eliminating the money legacies. In lieu of such legacies the codicil made other provisions for grandchildren, not disturbing the provision for vested remainders contained in item 7 of the will, but nominating a trustee and providing a trust for grandchildren in "all the remainder and residue of my estate not in my said will nor in this codicil otherwise disposed of." What constituted the residue does not appear, but it was property not otherwise disposed of, and consequently did not include the lots devised by item 7 of the will. The testator was satisfied with the will as thus modified, until several months thereafter, when he executed a second codicil. That instrument did not mention grandchildren. It is to be gathered from its terms that the testator had by deed conveyed to one of his sons a lot different from that devised by item 7 of the will to that son for life, with remainder to his children; and that, having made such conveyance, he desired to change item 7 by revoking the devise and excluding from item 7 the lot that would have fallen to him thereunder. In expressing such desire the codicil declared revocation of devise of such lot, and exclusion of that son from all benefits under the will, and declared that "it is my will and desire also that said item seven (7) of my said will be so amended as that thereunder I give and bequeath and desire one each of the lots referred to in said item seven (7) . . to each of my [other four named] children;" and further, that in the distribution of the lots "the four of my children" above mentioned "participate," and that the lots to be divided "be four in number" and be the lots "as originally provided in said item seven (7) of my said will." Thus the testator's mind was directly on item 7 devising the lots to children for life, with vested remainder to grandchildren. He could have revoked or modified expressly, but he did not men-

tion either revocation or modification. The reasonable inference is that had he so intended as to such matter, and in view of previous disposition of the lots, he would have so declared. Unless the intent to modify the original specific devises by item 7, so as to enlarge the life-estate for children to a fee-simple estate, or to revoke the vested remainder to grandchildren of the testator, clearly appeared expressly or by necessary implication, the original devise should be allowed to stand. Subsequent general provisions, whether found in the original will or a codicil, will not accomplish such modification. *Kimbrough v. Smith,* 128 *Ga.* 690 (58 S. E. 23); *Barker v. Haunson,* 174 *Ga.* 492 (163 S. E. 163). The references to devise to children of the testator and distribution to children of the testator, as taken from the second codicil, are general; and considered with the context and with all the provisions of the will and both codicils, as relates to the four children and their children—not excluded by the second codicil, they are insufficient to show clearly an intent to modify item 7 of the will, and should not be given that effect.

*Judgment reversed. All the Justices concur.*