## MOORE *et al.* v. SEGARS *et al.*

No. 13645.   May 16, 1941.

194

*George W. Westmoreland,* for plaintiffs.

*H. W. Davis* and *H. A. Stephens Jr.,* for defendants.

BELL, Justice. The prayers of the petition were that the defendants, who were sisters of the plaintiffs, be enjoined from interfering with the right of the plaintiffs to possess the lands in question, and from advertising them as the property of the defendants, and for a "decree of court . . confirming said gift and decreeing the lands to belong to plaintiffs in terms of the gift" from the plaintiffs' mother. As to such gift, the petition alleged

in effect that in the year 1925 their mother, after executing deeds conveying various tracts to her sons, and after executing a will devising all of her property to her husband for life, with remainder to her two single daughters, now the defendants, agreed with the plaintiffs and the defendants to give to them jointly a described tract of land to be divided among them. Afterwards two tracts were surveyed out as the respective shares of the defendants, leaving a described remainder as the property of the plaintiffs. In accordance with such survey, deeds were executed and delivered by the mother to the defendants, conveying their shares. There was no conveyance or other writing by the mother to the plaintiffs. Defendants have seized the tract claimed by the plaintiffs and are now advertising it for sale as their land, to the exclusion of the plaintiffs, the claim of the defendants being based on the will of their mother. On a proper construction of the petition, there being no allegation to the contrary, it must be assumed that the will was duly probated. This accords with the construction placed upon the petition by counsel for the plaintiffs, who declares in one of the briefs filed in their behalf that the will was probated.

"Specific performance will not be decreed of a voluntary agreement or merely gratuitous promise. If, however, possession of lands has been given under such agreement, upon a meritorious consideration, and valuable improvements made upon the faith thereof, equity will decree the performance of the agreement." Code, § 37-804. Even if the petition might be construed as showing possession by the plaintiffs, there are no allegations to the effect that valuable improvements were made on faith of the gift. It is true that the plaintiffs alleged that "after accepting the lands plaintiffs permitted and allowed defendants to look after the lands for all of them, and to take the rents and improve the lands, and after paying the taxes the balance of the income was applied to recovering the house, building barns, ditching the land so as to prevent erosion, and because Mr. and Mrs. S. A. Segars were too old to work plaintiffs allowed the balance of the income, after paying for the upkeep and improvements aforesaid, to be given to their mother and father Mr. and Mrs. S. A. Segars." But even so, there is nothing here to show that any improvements were made by the plaintiffs, within the meaning of the law as quoted above, it appearing that they made no expenditure for that purpose, and that

such improvements as may have been made were derived solely from rents received for these very lands. *Mims* v. *Lockett,* 33 *Ga.* 9, 19; *Beall* v. *Clark,* 71 *Ga.* 818 (3-c), 852; *Swan Oil Co.* v. *Linder,* 123 *Ga.* 550 (51 S. E. 622); *Hodgson* v. *Hodgson,* 28 *Ga. App.* 250 (110 S. E. 754). Furthermore, the petition does not show when the mother died, and consequently it does not appear whether any improvements, from whatever source, were made during her lifetime. This omission alone would be fatal to the plaintiffs on the question of improvements and completed gift. *Kerr* v. *Kerr,* 183 *Ga.* 573 (3 a) (189 S. E. 20).

Nor can the petition be sustained under the principle that "The exclusive possession by a child of lands belonging originally to the father, without payment of rent, for the space of seven years, shall create conclusive presumption of a gift, and convey title to the child, unless there shall be evidence of a loan, or of a claim of dominion by the father acknowledged by the child, or of a disclaimer of title by the child." Code, § 48-106. Even if the petition could be construed as showing exclusive possession by the plaintiffs, with the other essentials except that relating to time, it is still insufficient to show a presumptive gift, because it does not appear when the mother died. To make a case of presumptive gift under the principle last quoted, "it is necessary to show that the exclusive possession of the child, without payment of rent, shall have continued seven years during the lifetime" of the donor; otherwise the presumption does not exist. *McKee* v. *McKee,* 48 *Ga.* 332; *Jones* v. *Clark,* 59 *Ga.* 136. "A parol gift of land, without more, is ineffectual to pass title to the donee." *Thaggard* v. *Crawford,* 112 *Ga.* 326 (2) (37 S. E. 367); *Beetles* v. *Steadham,* 186 *Ga.* 110, 112 (197 S. E. 270). By the foregoing reference to section 48-106 we do not decide whether this section would apply to a gift by a mother, that question not having been raised in this case.

It is contended, however, that the alleged agreement amounted to a contract to which the mother and the plaintiffs and the defendants were all parties, the mother being the party of the first part and the plaintiffs and the defendants being parties of the second part; that it constituted a settlement with respect to the plaintiffs' inheritance, and "when it is admitted that the plaintiffs accepted the land in question as their inheritance, then and there

a contract was made and completed with all conditions performed," and that only the mother or a legal representative of her estate should be heard to object to its enforcement. It is further urged that "We have a settlement based upon a valid consideration," and that since the defendants have received the "portion going to them," they can not repudiate the agreement or rely upon the statute of frauds. We can not sustain any of these contentions. No one can be an heir of a living person, and before the death of the ancestor an expectant heir has no interest or estate in property which he may subsequently inherit. 18 C. J. 862, § 111. As against prospective heirs and distributees, a person generally has the right to dispose of his property as he sees fit; and so in this case when the mother died leaving a will in which all of this property was bequeathed to the defendants, she virtually withdrew the alleged oral agreement, and it can not now be enforced by the plaintiffs against the devisees, unless on some principle that would have made the agreement binding against the mother before her death. 18 C. J. 864, § 113. The will is to be taken as speaking from the time of the death of the testatrix. Code, § 113-105. Her death of course occurred after the oral agreement alleged to have been made by her in 1925, and also after her alleged deathbed declaration. Therefore the will takes precedence over both, unless the agreement had become binding as a completed gift during her lifetime. The plaintiffs do not allege sufficient facts to bring themselves within any of the foregoing principles relating to parol gifts from parent to child, and none other has been cited to us as being applicable.

■ We can not assent to the view that there was anything in the nature of a contract based upon a valuable consideration. The plaintiffs in their petition repeatedly refer to the transaction as a parol gift, and rightly so; for, as we have stated above, they had at that time no inheritance or right to an inheritance which could be the subject-matter of bargain and sale between the parties. Nor did the defendants have any such interest in their mother's estate. Accordingly, the whole transaction was a voluntary one, and was such as to every party assenting thereto. There were no rights to be adjusted by a "settlement agreement." See *Wright* v. *Wright,* 99 *Ga.* 324 (25 S. E. 673); *Trammell* v. *Inman,* 115 *Ga.* 874 (3) (42 S. E. 246); *Dailey* v. *Springfield,* 144 *Ga.* 395 (87 S. E. 479, Ann. Cas. 1917D, 943); *Pidcock* v. *Reid,* 145 *Ga.* 103 (88 S. E.

564); *Johnson* v. *Robinson*, 172 *Ga.* 746, 757 (158 S. E. 752). Even where a mother made a deed conveying land to one of her children, it was held that the child had no right to have a mistake in the deed corrected, the deed being voluntary. *Powell* v. *Powell*, 27 *Ga.* 36 (73 Am. D. 724). Nor will a voluntary agreement between parent and child, which has not ripened into a completed gift, be enforced at the instance of the child and against other children as heirs after the parent's death. *Prater* v. *Sears*, 77 *Ga.* 28 (1 *a*). On principle the same rule would apply in favor of the defendants as legatees. So the defendants here could assert title to these lands under the will of their mother, by which all of her real estate was devised to them, subject only to a life-estate in favor of their father, who, as the petition shows, was dead at the time the suit was filed. As indicated above, the will was not revoked or in any manner changed, either by the parol agreement of 1925, or by the declaration of the mother on her deathbed. Compare *Coffee* v. *Coffee*, 119 *Ga.* 533 (46 S. E. 620); *Curtis* v. *Moss*, 189 *Ga.* 165 (2) (5 S. E. 2d, 654). Nor is the case altered by the subsequent verbal assurance by one of the defendants. If the testatrix while in life had made an oral gift of these lands and such gift had become *complete* before her death, the estate left by her would not have included the tract in controversy, and the defendants as devisees would have acquired no title in virtue of the will. On the contrary, the plaintiffs as donees would have had title. See, in this connection, *Sikes* v. *Seckinger*, 164 *Ga.* 96 (137 S. E. 833). This, however, is not the case presented by the petition.

Although the plaintiffs may show that from a moral or ethical standpoint they have been badly treated by their sisters, still they do not show that they have parted with anything in favor of their sisters, or that there is other reason in law or in equity why the latter as devisees can not rely upon the will as showing title in them from their mother, to the exclusion of the plaintiffs. The court did not err in sustaining the general demurrer and dismissing the action.      *Judgment affirmed. All the Justices concur.*