### 4050.   GATES *v.* FREEMAN & REEVES.

HILL, C. J.   1. The contract sued upon was not unilateral, but was mutually binding, unconditional, explicit, and complete as to its terms. The demurrer on the ground that the contract was unilateral was therefore properly overruled.

2. Where an executory contract for the sale and delivery of property specifies the property to be delivered, the price to be paid, and the place and time for delivery, no demand by the purchaser for performance by the seller is necessary before suit is brought to recover damages for breach of the contract by the seller. *McNamara* v. *Georgia Cotton Co.*, 10 *Ga. App.* 669 (73 S. E. 1092).

3. There was no error in striking the amendment to the plea, as it was an attempt to vary by parol the unconditional terms of the written contract.

4. The evidence demanded the verdict, and any error of law was immaterial.
                                        *Judgment affirmed.*

DECIDED JULY 23, 1912.

Action on contract; from city court of Greenville—Judge Revill. March 3, 1912.

Freeman & Reeves sued Henry Gates for damages on account of the breach of a contract for the sale and delivery of cotton. The contract was in the following terms: "Greenville, Ga., 5/29, 1909. To Freeman & Reeves, Greenville, Ga.   I hereby agree to sell and deliver to the said Freeman & Reeves 6 rectangular bales of cotton at 10 3/16 cents per pound, f. o. b. cars, reweighed at Greenville, Ga., for Freeman & Reeves (Weil Bros. classification), with deduction and additions for other grades according to Freeman & Reeves differences in effect on the day of delivery.   Cotton to be delivered on or before the 25th day of October, 1909, in lots of not less than  .  .  bales.   Cotton to average 500 lbs. per bale.   If cotton averages less than 500 lbs. per bale I will deliver a sufficient number of bales to bring up the average of this sale to 500 lbs. per bale.   If cotton averages over 500 lbs. per bale, the excess to be settled for at the market price in cash on the date of delivery. Cotton sold above is cotton raised or to be raised by me or   .  .

tenants on Y. F. Freeman's land in Meriwether county, State of Georgia, and is not to be settled for by the price of future contracts in New York, New Orleans, Liverpool, or elsewhere. [Signed] Henry Gates.

"Greenville, Ga., 5/29, 1909. We accept the above contract with all its conditions and obligations. Executed in duplicate. [Signed] Freeman & Reeves."

The petition alleged, that the defendant failed and refused to deliver the cotton, or any part of it, to the plaintiffs on the 25th day of October, 1909, or at any other time, although the plaintiffs stood ready to receive and pay for it and demanded of him the delivery of the cotton in accordance with the terms of the contract (a copy of which was attached to the petition); that on the 25th day of October, 1909, cotton of the grade and character described in the contract was worth and selling at 14 9/16 cents per pound in Greenville, Ga., the place of delivery under the contract; and that on account of the failure of the defendant to deliver the cotton and comply with the contract, he damaged the plaintiffs in the sum of $131.25, besides interest thereon from October 25, 1909, at seven per cent. per annum; for which judgment was prayed.

The defendant demurred, on the grounds that the petition failed to set forth a cause of action, that the alleged contract was unilateral and without any consideration moving to the defendant, and that the petition failed to allege that the plaintiffs tendered any money or offered to pay over to the defendant the price of the cotton. The demurrer was overruled.

The defendant answered, denying the allegations of the petition, and afterwards filed an amendment, as follows: Defendant delivered all of the cotton he raised in 1909 to the plaintiffs. He was their tenant and rented land from them for the year 1909, and paid them four bales of cotton grown and raised said year by him, as rent, and also turned over to them the balance of the cotton grown by him said year; and out of the proceeds of said cotton he paid plaintiffs in full his store account for supplies and dry goods and guano and note on mule farming; and plaintiffs never at any time demanded or called upon him for the said cotton grown by him in the year 1909, to be delivered on said contract, but the plaintiffs received all of said cotton and he was never called upon to deliver any cotton under said contract, and he supposed that the

contract was at an end, he having been a tenant of the plaintiffs in 1910; and in March, 1911, after he had moved off the land of the plaintiffs, they came to his home and asked him to sign a note for some amount which they claimed he owed on account of the said cotton contract, and he refused, for the reason that he did not owe the plaintiffs anything on the contract. The defendant says that the contract was abrogated and nullified because of the facts here set out, and is not now binding on him; that he was released and relieved from the terms of said contract by the plaintiffs, who voluntarily received said cotton and paid him for the same at prices ranging from 12 to 13 cents per pound, knowing that the cotton was raised on said land said year, and that it was all of the cotton raised by him said year, and he stood ready and willing to deliver said cotton on said contract; that they accepted said cotton at the prices mentioned, well knowing that he had no other cotton with which to comply with said contract, and that they had their choice of accepting said cotton on said contract or at the prices mentioned. The court struck the amendment, on motion of the plaintiffs, on the ground that it contained no legal defense.

At the trial the contract was introduced in evidence, the allegation as to the value of the cotton was proved, and it was testified that the defendant failed to deliver any cotton under the contract, and that the plaintiffs never at any time made a demand or request for delivery of cotton under the contract. The verdict was for the amount sued for. The defendant moved for a new trial, on the grounds that the verdict was contrary to law and evidence, and that the court erred in refusing to charge the jury that unless a demand was made for delivery of the cotton, there could not be a recovery. The motion was overruled, and the defendant excepted to each of the rulings stated.

*N. F. Culpepper,* for plaintiff in error, cited: *Bashinski* v. *Lake,* 9 *Ga. App.* 352-5; Code of 1910, §§ 4241, 4326-7, 4309.

*McLaughlin, Jones & Jones,* contra, cited: *Booth* v. *Saffold,* 46 *Ga.* 278; Code of 1910, §§ 4246, 4316, 4326-7, 4226.