### 4265. LUNDY v. LIVINGSTON.

HILL, C. J. 1. In civil cases the questions indicated by the Penal Code (1910), § 859, for the purpose of testing the competency of jurors, may be propounded by the trial judge to each juror separately, or to the entire panel. *Hilton & Dodge Lumber Co.* v. *Ingram*, 135 *Ga.* 696.

2. An amendment to a petition will not work a continuance on the ground of surprise, in the absence of any allegation showing how and in what manner the defendant is less prepared for trial with the amendment allowed than he was before. Civil Code (1910), § 5714. The application for continuance on the ground of surprise in the present case was insufficient, in that it failed to show how or in what manner the defendant was less prepared for trial than he was before the amendment was allowed; and the showing was in other respects not up to the requirements of the statute on that subject. *A. & B. R. Co.* v. *Douglas*, 119 *Ga.* 658.

3. The contract for the breach of which damages were sought was mutually binding, and, under its terms, no demand was necessary for the delivery of the property described in the contract, to the purchaser by the seller, as a condition precedent to the bringing of an action for damages by the purchaser for a breach of the contract. *McNamara* v. *Georgia Cotton Co.*, 10 *Ga. App.* 669 (73 S. E. 1092). See, also, *Lunsford* v. *Milledgeville Cotton Co.*, ante, 64; *Gates* v. *Freeman*, ante, 345; *Raney* v. *Georgia Cotton Co.*, ante, 450.

4. There was no error in any of the rulings upon the admission of testimony as complained of in the motion for a new trial; the charge of the court was full and fair, presenting to the jury every issue of fact made by the pleadings and the evidence. No error of law appears, and the verdict is supported by the evidence.          *Judgment affirmed.*

DECIDED NOVEMBER 27, 1912.

Action on contract; from city court of Ocilla—Judge Oxford. May 14, 1912.

The contract was for the sale and delivery of cotton, and was a sealed instrument identical in form with the contract set out in the case of *Luke* v. *Livingston*, 9 *Ga. App.* 116 (70 S. E. 596). On the part of the purchaser it was signed: "J. K. Livingston, per I. J. Bussell." Livingston sought to recover damages on account of failure to deliver the cotton. The defendant set up defenses similar to those made in *McNamara* v. *Georgia Cotton Co.*, 10 *Ga. App.* 669, cited supra.

*McDonald & Grantham*, for plaintiff in error.

*H. J. Quincey, Elkins & Wall*, contra.