## 5931. ANDERSON v. CAVANAUGH & BEARDEN.

WADE, J. 1. A contract reciting that it was "for the delivery of actual cotton," and was "not to be settled by the price of futures," whereby one person agreed, for and in consideration of the sum of $1 in hand paid, to sell to another, for delivery at a place named, at any time at the option of the seller between October 1 and November 30 of that year, 25 bales of cotton, to average 500 pounds per bale, of a specified grade, at the price of 10¾ cents per pound for that grade, with deductions and additions for other grades, according to the differences in effect on the day of delivery (classification and weight to be settled at the agreed place of delivery), which was signed by the seller and upon which the buyers entered the following signed acceptance: "We accept the above contract, subject to the conditions and obligations as therein stated," was mutually binding, and was unconditional, explicit, and complete as to its terms. *Gates* v. *Freeman*, 11 *Ga. App.* 345 (75 S. E. 265). See also *Hamby* v. *Truitt*, 14 *Ga. App.* 515 (81 S. E. 593); *Luke* v. *Livingston*, 9 *Ga. App.* 116 (70 S. E. 596); *Phillips* v. *Riser*, 8 *Ga. App.* 634 (70 S. E. 79); *Lundy* v. *Livingston*, 11 *Ga. App.* 804 (3), 805 (76 S. E. 594). The demurrer, on the ground that the contract was unilateral, was therefore properly overruled.

2. Exception was taken to the refusal to allow an amendment to the defendant's plea. The proffered amendment is not set forth, either literally or in substance, in the bill of exceptions, or attached thereto as an exhibit, and therefore forms no part of the record in the case, and this court can not consider what purports to be a copy of it which is embraced in the transcript of the record sent up by the clerk of the court below. "Where exception is sought to be taken to the refusal of the court to allow such an amendment, it should be set forth, literally or in substance, in the bill of exceptions or attached thereto as an exhibit. An amendment which is offered but which the court declines to allow filed does not become a part of the record in the case, and this court can not consider what purports to be a copy of it appearing in the transcript of the record." *Taylor* v. *McLaughlin*, 120 *Ga.* 703-706 (48 S. E. 203). "The rule is well settled that where a party offers an amendment to his pleading and the judge declines to allow it, the proffered amendment can not be specified as record." *Schaeffer* v. *Central Railway Co.*, 6 *Ga. App.* 282-283 (64 S. E. 1107), and cases there cited. *Aliter*, if the amendment had been allowed and filed and was thereafter stricken by the court. *McCall* v. *Herring*, 116 *Ga.* 235 (42 S. E. 468).

3. The contract for the breach of which the plaintiff sought damages was mutually binding, and according to its terms no demand for the delivery of the property described in the contract was necessary as a condition precedent to the bringing of the action. *Lundy* v. *Livingston*, supra, and cases there cited.

4. The contract sued upon was by its terms between the plaintiffs and the defendant alone, and there was no error in excluding parol testimony tending to vary its terms by showing that the instrument in fact covered, concerned, or related to an agreement between the plaintiffs and a person other than the defendant in whose behalf or as surety for whom the defendant in fact acted in subscribing her name thereto.

5. There was no error in excluding testimony that the seller understood, when she signed the contract sued on, that either party thereto could discharge the same at any time during the life of the contract by paying the difference between the price of futures and the contract price of cotton as stated in the contract. The contract was plain and unambiguous, and parol testimony was inadmissible to engraft thereon an agreement tending to destroy its legality and to establish that it was purely speculative in its nature, or, in other words, to vary its plain meaning.

6. The court did not err in excluding testimony that another person "had a contract for the delivery of cotton" with the plaintiffs which was settled by payment to them of the difference between the price of cotton at the date of settlement and the price named in the contract. The conduct of the plaintiffs in adjusting other cotton contracts (even had it appeared from the evidence offered and excluded that the contract was of like character) could not affect the liability of the seller under the contract sued upon; nor could evidence showing that the plaintiffs were engaged generally in cotton speculation with others render invalid the contract with the defendant.

7. No intimation of opinion on the part of the judge as to the nature of the contract was conveyed by the question, twice propounded by him to a witness for the defendant, whether it was understood by the plaintiffs in the case that settlement would be had by payment of the difference in price between future cotton and the price of cotton at the time of the settlement, or whether it was so understood by the witness himself— the husband and agent of the defendant. It was important to know whether both parties to the contract intended to speculate, and the question was entirely germane and proper. "An executory agreement for the sale of goods to be delivered at a future date is valid; and such a transaction will not be declared invalid on the ground of being a gambling contract, unless it is made to appear that neither of the parties contemplated an actual delivery, and it was the intention of both that there should be no actual delivery, but on the day fixed for delivery there should be a settlement of differences based on the market value of the goods on that day." *Robson* v. *Weil*, 142 *Ga.* 429 (2), 431 (83 S. E. 207), and cases there cited.

8. The assignments of error in the 4th and 11th grounds of the motion for a new trial, based on the alleged recharge of the jury by the court during the temporary absence of defendant's counsel on leave, are identical, not only in effect but even in the language employed; and since the court expressly declined to approve the 11th ground of the amendment to the motion for a new trial, it must be concluded that the 4th ground raising the identical question is also not approved, and therefore we do not consider this assignment.

9. The court did not err in refusing a request to charge "that if the firm of Cavanaugh & Bearden was formed for the purpose of speculating in cotton through the method of contract for future delivery, and purchasing the same solely for speculating in cotton, then the partnership would be an illegal partnership, and any contract made by them pursuant to said illegal agreement would be void." Had the firm been organized to carry on an illegal business (which the evidence does not disclose), the contract sued upon may have nevertheless been legal and binding.

10. Neither did the court err in refusing the various requests to charge the law touching surety contracts made by a married woman in behalf of her husband. The contract involved was in writing, was signed solely by the seller, Mrs. Anderson, and her husband was not bound thereby, nor could he have been so bound, and the entire evidence (including her own) tended to show that she signed the instrument as principal, though at her husband's request.

11. The evidence authorized the verdict returned, and the trial judge did not err in overruling the motion for a new trial. *Judgment affirmed.*

DECIDED JUNE 11, 1915.

Appeal; from Morgan superior court—Judge Park. June 27, 1914.

*M. C. Few,* for plaintiffs in error.

*S. H. Sibley, Williford & Lambert,* contra.