### TAYLOR et al. v. WILMOT.

ATKINSON, Justice. 1. In an action of complaint for land a demurrer to the petition was filed. One ground of demurrer was general. Another was special, directed to the petition as a whole, based on non-joinder of a named person alleged to have an interest in the property as a party plaintiff, and further upon the failure of the petition to allege that persons named as parties plaintiff were sole owners of the property. The court passed an order overruling the general demurrer, and sustained the special demurrer, providing however that "plaintiffs are required to amend within ten days to meet criticism" of the special demurrer. No exception was taken to this order, nor was any amendment filed. After expiration of the time for amendment the judge passed another order declaring: "The plaintiffs having been required to amend their petition heretofore within ten days, no amendment being allowed: whereupon the general demurrer is sustained and plaintiffs' petition is dismissed." Error was assigned upon that judgment. *Held*,

(a) The judgment sustaining the special demurrer, unexcepted to, became the law of the case.

(b) The plaintiffs having failed to comply with the requirement to amend, the judge did not err in dismissing the action.

2. At the time of the final order the plaintiffs offered an amendment relating to an additional ground of complaint, which the court refused to allow. The bill of exceptions attempts to assign error on the disallowance of the amendment, but does not state the substance of the amendment or set forth a copy thereof as an exhibit. This is not a sufficient assignment of error. *Taylor* v. *McLaughlin*, 120 *Ga.* 703 (48 S. E. 203); *Anderson* v. *Cavanaugh*, 16 *Ga. App.* 446 (2) (85 S. E. 606), and cit.

*Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., and BELL, J., concur in the result.

No. 10300. FEBRUARY 22, 1935.

*H. L. Barnett* and *J. H. Paschall*, for plaintiffs.
*Y. A. Henderson*, for defendant.