GRAY *et al.* v. FEDERAL LAND BANK OF COLUMBIA *et al.*

ATKINSON, Justice. This was a suit to cancel deeds made in pursuance of a power of sale contained in a security deed, and for other equitable relief. The plaintiffs based their claim of interest in the property on inheritance from their father, who had formerly owned the equity of redemption. By an amendment they showed that their father had made a second security deed, and that by a sale under this deed the plaintiffs' interest had been divested before the suit was instituted. They further alleged, however, that the purchaser at the sale under the second security deed, "long before the bringing of this suit,. . . orally and by letter surrendered [to the plaintiffs] any and all rights, title, claim, or interest that he had or might have had in and to said property," and *after* the suit was filed made a "deed to petitioners in furtherance of said agreement." The defendant filed a general and special demurrer to the amendment, one ground of special demurrer being that the allegations quoted were insufficient, because it was not alleged when such purchaser "surrendered his rights to said property, and the contents of the letter, through which it is alleged that he surrendered his rights, are not set out in the amendment." The court sustained all grounds of

this demurrer, with leave to amend within ten days, but providing that if no further amendment was made within this period the petition should stand dismissed. The plaintiffs refused to amend, and within the time allowed by law sued out a bill of exceptions complaining that the sustaining of the demurrer and the dismissal of the petition was contrary to law. *Held:*

1. "When there is no cause of action at the commencement of the suit there can be no recovery, although one accrue, respecting the same subject-matter, while the suit is pending." *Wadley* v. *Jones*, 55 *Ga.* 329; *Bank of Brooklet* v. *Motor Lines Inc.*, 164 *Ga.* 314 (138 S. E. 582).

2. The quoted averments were subject to the ground of special demurrer; and being essential to the statement of a cause of action, the judgment sustaining this ground of demurrer and dismissing the petition, subject to further amendment, was not erroneous. The plaintiffs having failed to amend as permitted by the order, the judgment dismissing the petition as amended must stand, regardless of the other grounds of demurrer. See *City Council of Augusta* v. *Marks*, 124 *Ga.* 365 (52 S. E. 539); *Taylor* v. *Wilmot*, 180 *Ga.* 408 (178 S. E. 739); *McSwain* v. *Edge*, 6 *Ga. App.* 9 (2), 11 (64 S. E. 116); *Wrightsville & Tennille R. Co.* v. *Vaughan*, 9 *Ga. App.* 371 (2) (71 S. E. 691); *Willingham* v. *Glover*, 28 *Ga. App.* 394 (111 S. E. 206); *Wardlaw* v. *Executive Committee*, 47 *Ga. App.* 595 (3) (170 S. E. 830).

*Judgment affirmed. All the Justices concur.*

No. 11190.   JULY 16, 1936.

*W. E. Mann* and *W. G. Mann*, for plaintiffs.
*Rosser & Shaw*, for defendant.