KERR *v.* KERR *et al.*

ATKINSON, Justice. 1. Where a general demurrer to a petition in an action of complaint for land is overruled, the judge may, during the same term, vacate such order by a second order declaring the first order vacated. *Bowen* v. *Wyeth*, 119 *Ga.* 687 (46 S. E. 823); *Gaines* v. *Gaines*, 169 *Ga.* 432 (150 S. E. 645); 34 C. J. 207, § 436.

2. Where subsequently the case is regularly heard and the demurrer is sustained, the judgment sustaining the demurrer is not erroneous on the ground that the judge was without authority to render it.

3. The petition alleged that plaintiff claimed title under a parol gift from his father; that he accepted the gift, entered possession of the land and made specified valuable improvements thereon; that he continued in possession of the land "until after the death of his father, when and at which time, the said [defendants] . . entered into possession;" that "after accepting said gift and entering into possession of said property . . he made valuable improvements thereon from time to time between the date of January 1, 1931 [the date of the alleged gift], and the time when the said defendants seized possession of said property; that petitioner and defendants are claiming under petitioner's father." *Held:*

(a) The petition, construed most strongly against the petitioner, fails to allege that valuable improvements were made by him in pursuance of the terms of the gift during the lifetime of the alleged donor, and consequently fails to allege a completed gift. *Kemp* v. *Hammock*, 144 *Ga.* 717 (3) (87 S. E. 1030); *Doe* v. *Newton*, 171 *Ga.* 418, 422 (156 S. E. 25); *Thompson* v. *Ray*, 92 *Ga.* 285 (18 S. E. 59).

(b) Nor does the petition allege that the petitioner remained in exclusive possession of the land, without payment of rent, for seven years, to bring his case within the provisions of the Code of 1933, § 48-106, which declares: "The exclusive possession by a child of lands belonging originally to the father, without payment of rent, for the space of seven years, shall create conclusive presumption of a gift, and convey title to the child, unless there shall be evidence of a loan, or of a claim of dominion by the father acknowledged by the child, or of a disclaimer of title by the child."

(c) The fact that the judge stated in his order that he sustained the demurrer because "the petition shows on its face that plaintiff had not been in possession of said land for seven years prior to the institution of said suit and therefore had no title," will not require a reversal on account of the plaintiff's contention that he had a right of action based on a completed express gift, where the petition fails to allege facts showing such completed gift.

(d) There was no error in sustaining the demurrer.

> *Judgment affirmed. All the Justices concur.*

No. 11430. November 2, 1936.

*C. E. Dunbar, H. T. Chance Jr.,* and *Roy V. Harris,* for plaintiff.

*William K. Miller* and *W. Inman Curry,* for defendants.