34104.   ALLEN *v.* CITY OF ATLANTA.

Decided July 11, 1952.

■ 480

*O. J. Coogler Jr., Northcutt & Edwards,* for plaintiff in error.
*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin, Henry L. Bowden,* contra.

CARLISLE, J.   1. The judgment of January 30, 1952, overruling the general demurrer to the petition and to the petition as amended, to which no exception was taken, established, as the law of the case, that the petition and the petition as amended stated a cause of action. *Darling Stores Corp.* v. *Beatus,* 197 *Ga.* 125 (28 S. E. 2d, 124), and cases cited.

2. The question is posed, however, whether or not the amendments of April 3, 1952, were so material as to subject the petition as then amended to demurrer.   It is conceded by counsel for the defendant that the first amendment of that date, concerned with the distances between the plaintiff's residence and

the cities of College Park and Atlanta, was an immaterial one and no further mention of that amendment need be made here.

It is strongly contended, however, by counsel for the defendant that the plaintiff's amendment of that same date which struck paragraph 37 from the petition did so materially change the cause of action as to subject the petition to demurrer for the reason that by eliminating the allegations of paragraph 37 the plaintiff converted her action from one alleging her damage to flow from an illegal act of the defendant to one alleging her damage to flow from a legal act of the defendant. In view of the allegations of fact contained in the petition as a whole, we cannot agree with this contention.

It is elementary that the nature of an alleged cause of action is to be determined from the facts alleged and not from the conclusions of the pleader. The allegation in paragraph 37 that "the closing of the said highway was without legal authority and, therefore, was and is unlawful," is not determinative of the legality of the defendant's action in closing the road. True, the nature of the road in question is not stated, but there is no special demurrer upon that score; and if the road was a public county road, paragraphs 26, 27, 28, 29, and 30 of the petition specifically alleged that the road was not closed in accordance with the provisions of the Code covering the closing of public county roads; and if such was the nature of the road, the petition demonstrated the illegality of the closure whether or not it contained the allegation of paragraph 37.

Moreover, while the striking of an allegation from a petition that an alleged act was illegal might ordinarily cause one to infer that the pleader intended by striking the allegation to allege that the act was legal, such an inference is precluded in the present case. Even with the allegation of paragraph 37 eliminated from the petition, it still contained the allegations of paragraph 40 to the effect that the plaintiff's property was damaged by the closing of the road in violation of Code (Ann.) § 2-301, which provides: "Private property shall not be taken or damaged, for public purposes, without just and adequate compensation being first paid"; and still contained the allegation of paragraph 31 that "the right to use Washington Road to College Park and Atlanta was a right appurtenant to petitioner's

land and a property right," and with these two paragraphs still remaining, by no process of reasoning could it be inferred that the plaintiff, by striking the allegation of paragraph 37, intended to allege that the defendant's closure of the road was legal.

The striking of the allegation of paragraph 37 was an immaterial amendment and did not re-open the petition to demurrer after that amendment; and, the trial court, having, by its judgment of January 30, 1952, established, as the law of the case, that the petition stated a cause of action, erred in sustaining the general demurrer thereto, after the immaterial amendment of April 3, 1952, at a term subsequent to its judgment of January 30, 1952.

3. The plaintiff's contention, that the defendant's failure to object and preserve exception to the allowance of the general demurrer after the immaterial amendment precludes a consideration of the propriety of that action by this court, is untenable. *Garner* v. *Wolport*, 84 *Ga. App.* 876 (2) (67 S. E. 2d, 824). The ruling in *Robertson* v. *Tallulah Falls Ry. Co.*, 29 *Ga. App.* 530 (1) (116 S. E. 65), apparently to the contrary, upon which counsel for the defendant rely, is obiter as the court there said that the amendment was a material one. See in this connection *Green* v. *Spires*, 189 *Ga.* 719 (7 S. E. 2d, 246).

*Judgment reversed. Gardner, P.J., and Townsend., J., concur.*