## 40827. SEWELL DAIRY SUPPLY COMPANY v. TAYLOR.

PANNELL, Judge. 1. Where a petition seeking recovery for rent on an oral contract of lease in the Civil Court of Fulton County is amended (November 22, 1963) pursuant to an order of the court sustaining a general demurrer and special demurrers with leave to amend, and where a general demurrer to the petition as first amended is overruled and special demurrers to the petition as first amended calling for a more particular description of the property involved are sustained (which demurrers were filed November 27, 1963) and a second amendment is filed (January 28, 1964) to meet the ruling on the special demurrers by elaborating on the description of the property, such second amendment does not materially change the cause of action and does not open the petition so amended to a renewed general demurrer to the petition as amended or to additional special demurrers (both filed February 6, 1964) to portions of the first amendment. *Code* § 81-1312. See *General Tire &c. Co. v. Brown Tire Co.,* 46 Ga. App. 548 (2a) (168 SE 75); *Allen v. City of Atlanta,* 86 Ga. App. 476 (71 SE2d 871); *LaHoste v. Yaarab Mounted Patrol,* 89 Ga. App. 397 (1) (79 SE2d 570); *Johnson v. Ellington,* 196 Ga. 846, 847 (4) (28 SE2d 114); *Wardlaw v. Southern R. Co.,* 199 Ga. 97, 99 (4a) (33 SE2d 304); *Pritchett v. Ellis,* 201 Ga. 809, 811 (41 SE2d 402).

2. A special demurrer filed to an amendment to a petition after the time allowed by law is a good reason why the court should overrule and disallow it. *Oxford v. Shuman,* 106 Ga. App. 73 (126 SE2d 522). The special demurrers, filed February 6, 1964, to language in the first amendment to the petition, which was filed November 22, 1963, was filed too late, either as an original demurrer or as additional grounds to the demurrer filed November 27, 1963. Additional grounds of special demurrer to a pleading may not be added after the expiration of time for filing demurrers to the pleading demurred to. *Central of Ga. R. Co. v. Motz,* 130 Ga. 414 (61 SE 1); *Stovall v. Caverly,* 139 Ga. 243 (77 SE 29).

3. While the specific grounds of a general demurrer may be amplified by an amendment which states them more fully, *Stovall v. Caverly*, 139 Ga. 243 (1), supra, it cannot be amended after it is overruled, or after being overruled, renewed to a petition after amendment which does not open the petition to demurrer. See *Central of Ga. R. Co. v. Waldo*, 6 Ga. App. 840, 842 (6) (65 SE 1098).

4. The Act of 1952 (Ga. L. 1952, p. 243, amending § 81-1001 of the Code of 1933), providing that an order on demurrers allowing time to amend "shall not be subject to exception or review" was declared unconstitutional by the Supreme Court in *Northside Manor, Inc. v. Vann*, 219 Ga. 298 (133 SE2d 32), and the cases of this court and the Supreme Court applying said amendment are not authority for any ruling contrary to those herein made.

5. The trial court in the instant case did not err in overruling and disallowing the general and special demurrers filed February 6, 1964, and there being no assignment of error on the overruling of the prior demurrers, the judgment is

*Affirmed. Felton, C. J., and Frankum, J., concur.*

DECIDED SEPTEMBER 28, 1964—REHEARING DENIED
OCTOBER 13, 1964.

*Peek, Whaley & Blackburn, Glenville Haldi*, for plaintiff in error.