## 41342. BRYAN v. DIGBY.

Deen, Judge. 1. A judgment sustaining or overruling a general demurrer fixes the law of the case as to the sufficiency

of a petition to set out a cause of action unless the plaintiff by amendment sets up new facts which, taken in connection with the allegations of the original petition, present a different situation requiring a contrary conclusion. *Brooks v. Southern Clays*, 220 Ga. 152 (137 SE2d 630); *Northside Manor, Inc. v. Vann*, 219 Ga. 298 (133 SE2d 32).

2. The defendant filed 2 general and 11 special demurrers to the plaintiff's petition. The court overruled both general and 4 special demurrers, sustaining 7 special demurrers calling for further explanation of such terminology as "net profits," "the agreement," and so on. The plaintiff amended the paragraphs to which special demurrers were sustained, and the defendant then renewed his demurrers to the petition as amended "on each and every ground" and filed 10 additional special demurrers which in general called for additional information as to the terms used, such as *retained, manager, net profits, gross sales, expenses, agreement, and cost of operations.* On June 17, 1964, the court passed an order reciting: "The within renewed demurrers of the defendant to the plaintiff's petition are hereby sustained." Plaintiff's attorney, contending that he had received no notice of this order until after the case was set on the calendar for trial, moved to vacate this judgment, and another order was entered denying the motion and reciting that the order of June 17 was, in the opinion of the court, a final adjudication.

None of the demurrers filed except the two general demurrers which were overruled went to the basic question of whether the plaintiff had a cause of action. At no time were any paragraphs of the petition or parts thereof stricken by the court. The amendment furnished additional information regarding the terms attacked as being vague and indefinite, and in no way disclosed any new matter militating against the plaintiff's right to recover. It did not materially change the cause of action so as to re-open it to general demurrer. *Sewell Dairy Supply Co. v. Taylor*, 110 Ga. App. 463 (1) (138 SE2d 909). It follows that the original judgment, unexcepted to, finding the petition not subject to general demurrer, cannot be held by implication to have been re-adjudicated. The order sustaining the renewed special demurrers, although it did not explicitly give a right to amend, did not deny that right, nor did it have the effect of dismissing the petition. Neither did the judge's statement

that in his opinion it constituted a final adjudication have this effect. *Murphy v. District Grand Lodge No. 18,* 148 Ga. 648 (3) (97 SE 858).

No final judgment having been entered in the case, the bills of exceptions must be

*Dismissed. Felton, C. J., and Jordan, J., concur.*

ARGUED JUNE 7, 1965—DECIDED JULY 9, 1965—REHEARING DENIED JULY 21, 1965.

*Russo & Russo, Lucio L. Russo,* for plaintiff in error.
*Davis & Stringer, Robert H. Stringer,* contra.

ON MOTION FOR REHEARING.

The defendant in error filed a motion to rehear on the ground that his motion to dismiss the bill of exceptions, because of lack of jurisdiction of this court, should have been sustained. The motion to dismiss contends that the order of June 17, 1964, sustaining certain demurrers was a final judgment from which the plaintiff in error did not appeal within the 30 days provided by law. This court held that the order of June 17 was not a final judgment of dismissal; however, if it were construed to be so, the plaintiff in error could, as he did, file a motion to set aside and vacate and treat the overruling of the latter motion as the final judgment in the case. *State Bank of Leesburg v. Hatcher,* 106 Ga. App. 735 (128 SE2d 339).

*Motion for rehearing denied.*