41493.   GASSETT v. HUGH STEELE, INC.

Argued September 7, 1965—Decided January 28, 1966.

*George B. Culpepper, Jr., Olin C. Hammock,* for plaintiff in error.

*Wilson, Branch, Barwick & Vandiver, M. Cook Barwick, George W. Hood, Gary C. Furin,* contra.

DEEN, Judge. ■ Where a general demurrer to a petition is overruled, the judge may, during the same term, vacate the order and subsequently hear and sustain the demurrer. *Kerr v. Kerr,* 183 Ga. 573 (1) (189 SE 20). But where the judgment is rendered at a prior term of court it becomes the law of the case unless subsequently reversed on appeal. *City of Atlanta v. Gore,* 47 Ga. App. 70 (3) (169 SE 776). "A judg-

ment rendered at a prior term of court, to which exception is not timely taken, fixes the law of the case, and any subsequent judgment expressing a judgment contrary to the previous ruling of the court is nugatory. The judge of the superior court, having overruled a general demurrer to the petition in this case, was without jurisdiction to sustain an oral motion to strike the plaintiff's petition, which motion was offered at a term subsequent to the judgment upon the general demurrer." *Loughridge v. City of Dalton,* 166 Ga. 323 (1) (143 SE 393). This is true although the petition is subsequently amended, unless the amendment is material to the cause of action set out in such manner as to raise new questions as to its validity, and an immaterial amendment will not reopen the petition so as to allow a new adjudication by general demurrer even though no exception was made to the allowance of the later demurrer. *Allen v. City of Atlanta,* 86 Ga. App. 476 (71 SE2d 871); *General Tire &c. Co. v. Brown Tire Co.,* 46 Ga. App. 548 (2a) (168 SE 75); *Bryan v. Digby,* 112 Ga. App. 134 (144 SE2d 230). For an example of such an amendment, materially changing the nature of the petition, see *Tingle v. Maddox,* 186 Ga. 757 (2) (198 SE 722). Otherwise, the adjudication that the petition sets forth a cause of action is the law of the case "and the court may not by indirection deprive the plaintiff of the estoppel he is entitled to urge against the defendant." *Turner v. Willingham,* 148 Ga. 274 (2) (96 SE 565).

To be thus material, the amendment must materially strengthen (or weaken) the cause of action. *Davis v. Aultman,* 199 Ga. 129 (1) (33 SE2d 317); *Horton v. Walker,* 204 Ga. 319, 320 (3) (49 SE2d 900). The amendment of January 25, 1965, denominated the reconstituted petition, entirely fails to meet these criteria. It adds no new matter of any substance whatever, nor does it omit any except those sentences to which special demurrers had previously been sustained. It was filed only for the purpose of complying with the order of November 28, 1964, which overruled the general demurrer, sustained certain special demurrers, and stated: "Plaintiff is further directed to plainly, fully, distinctly, and in orderly paragraphs set forth his cause or causes of action for which he relies for recovery."

This order was the result of sustaining special demurrers 7, 8, and 9 to each count of the petition on the ground that it was not properly paragraphed. It follows that, no exception having been taken by cross appeal to the order of November 28, 1964, overruling the general demurrers to the petition, the subsequent order of May 22, 1965, sustaining general demurrers and dismissing the petition was error.

■ The special demurrers to certain language in the petition sustained by the trial judge, being grounds 6, 7, 8, and 17 of the last set of demurrers, should have been overruled by the trial judge because they were filed too late. The language demurred to by grounds 6 and 7 of the demurrer and the language claimed to be inconsistent therewith appeared in the original redrafted petition to which general and special demurrers were interposed. The language demurred to in ground 8 appeared in the original petition on September 20, 1963, and in all of the versions thereafter and that attacked by ground 17 first appeared in the amendment of May 2, 1964. A special demurrer filed to an amendment to a petition after the time allowed by law is a good reason why the court should overrule and disallow it. *Oxford v. Shuman*, 106 Ga. App. 73 (126 SE2d 522). The special demurrers, here dealt with, demurring to language appearing in the original petition and to language appearing in the petition as previously amended to which general and special demurrers had been filed, were filed too late, either as original demurrers or as additional grounds to the demurrer previously filed. Additional grounds of special demurrer to a pleading may not be added after the expiration of time for filing demurrers to the pleading demurred to. *Central of Ga. R. Co. v. Motz*, 130 Ga. 414 (61 SE 1); *Stovall v. Caverly*, 139 Ga. 243 (77 SE 29); *Sewell Dairy Supply Co. v. Taylor*, 110 Ga. App. 463 (2) (138 SE2d 909); *City Council of Augusta v. Lombard*, 101 Ga. 724 (2) (28 SE 994); *Dixie Broadcasting Corp. v. Rivers*, 209 Ga. 98 (2) (70 SE2d 734). Under these circumstances, we must hold, for these reasons alone, that the trial judge erred in sustaining these special demurrers and should not make a determination on the merits.

■ ■ The sustaining of special demurrers 18, 19, 21, 23

and 24 to sentences in paragraphs 3 and 5 of the petition as first redrafted, also included in the court's order of November, 1964, are assigned as error, but it is contended that when the plaintiff again redrafted his petition and left out these sentences he acquiesced in the ruling of the court and may not now complain of it. Acquiescence is inferred when the pleader amends *to meet* an order sustaining demurrers. *Irby v. Gulf Life Ins. Co.*, 78 Ga. App. 783 (52 SE2d 491). Where the court orders a pleader to amend so as to purge his petition of certain matter, the pleader has a choice between acquiescing by meeting the order, or by refusing to acquiesce, allowing a later order to be passed dismissing the petition, and then testing the validity of the ruling. *Wade v. Drinkard*, 76 Ga. App. 159 (45 SE2d 231). On the other hand, the plaintiff also has a right, when several special demurrers are sustained, to amend to meet some of them (acquiescence) and, as to the others, to refuse to meet the grounds of demurrer and thereafter assign error on the ruling. *Salmon v. Rogers*, 40 Ga. App. 73 (2) (149 SE 52).

The plaintiff here, with the general demurrer to the petition overruled, had no final judgment on which he could appeal after the ruling of November 28 so as to test the validity of the rulings on special demurrer at that time. He did not wish to refuse to reparagraph the petition and so court a final order dismissing it for lack of proper paragraphing, and thus he had to rewrite the entire petition for this purpose. See *Taylor v. Wilmot*, 180 Ga. 408 (178 SE 739). It is argued that he should, in so doing, having also included the four sentences as to which the other special demurrers were sustained and that by not doing so he also acquiesced in that ruling. But what good would have come from including matter already adjudicated to be bad? The least that could have resulted was that it would have been again stricken on motion as impertinent to the cause of action, under the previous adjudication. "If a special demurrer is urged to a petition, or other pleading, already of file, attacking only certain parts of it, and is sustained, the result is to eliminate the parts so held bad." *White v. Little*, 139 Ga. 522 (3) (77 SE 646). The sentences in paragraphs 3 and 5 had been eliminated *by the court;* the plaintiff wished to test the

correctness of this ruling at the proper time; he could not appeal at that time since the ruling was not then a final judgment, nor did he have any other final judgment except the one in his favor overruling the general demurrer. The present appeal is his first opportunity to test the sufficiency of the ruling on special demurrers 18, 19 and 21-24 inclusive, and the exception is therefore properly taken.

■ Allegations that the defendant at the beginning of the operation sprinkled water to reduce the incidence of dust but later discontinued the practice were subject to the objection urged by special demurrer 18 in the absence of a statement that sprinkling was effective in control of the dust. This ruling, however, does not preclude the plaintiff from presenting evidence that failure to water or use other precautionary measures constituted negligence.

■ The remaining grounds of special demurrer necessary to be dealt with attacked the statements of alleged employees and agents of the defendant that they had ruined the plaintiff's peach crop. These remarks were declarations against interest made in the progress of the work at the time of the decision on whether or not to go forward with it, and were accordingly a part of the res gestae. See *Georgia R. & Elec. Co. v. Harris*, 1 Ga. App. 714 (2) (57 SE 1076).

The trial court erred in dismissing the petition and in sustaining the special demurrers, except special demurrer 18.

*Judgment reversed. Felton, C. J., and Jordan, J., concur.*