## 42191. FLETCHER v. WILLIAMS.

DEEN, Judge. 1. The defendant filed a general demurrer and various special demurrers, each of which latter moved to strike some vital paragraph of the petition as amended. The trial court overruled the general demurrer, sustained the special demurrers (which had the effect of deleting most of the paragraphs of the petition; see *White v. Little*, 139 Ga. 522 (3) (77 SE 646)) and granted 20 days leave to amend. No amendment was filed. Thereafter the trial court granted a motion to dismiss. The appeal fails to enumerate as error the sustaining of the special demurrers, from which it becomes the law of the case that the paragraphs to which the demurrers were sustained were automatically eliminated when no amendment perfecting them was filed within the time limited. Thereafter if, with such paragraphs stricken, the petition failed to set out a cause of action, a motion to dismiss would be proper. *Baker v. City of Atlanta*, 22 Ga. App. 483 (96 SE 332); *Strickland v. Hall*, 109 Ga. App. 822 (137 SE2d 520). A distinction must be made between these cases and cases such as *Gassett v. Hugh Steele, Inc.*, 113 Ga. App. 47 (147 SE2d 10) and others cited therein, where it was held that the judgment overruling the general demurrer set the law of the case that the petition set out a cause of action although certain special demurrers were also sustained. In all of those cases the cause of action attempted to be set forth was not affected by whatever deletions resulted from the sustaining of special demurrers, while in the line of cases exemplified by *Baker*, supra, the deletion of the matter stricken on special demurrer carried with it vital portions of the statement of facts on which the pleader was depending for his right of action (assuming because of the overruling of the general demurrer that these facts, if properly pleaded, would have been sufficient to state a cause of action).

2. After the plaintiff's failure to amend, only the following allegations remained in the petition: jurisdictional allegations; a contract between the plaintiff and defendant stating in part that any sums loaned or advanced to the defendant by the plaintiff constitute a debt repayable on demand; an allegation that plaintiff's account is just, due, and unpaid and that defendant refuses to pay the same, and a prayer for judgment in the sum of $2,081.02. There is no bill of particulars and

no allegation that any amount of money was in fact loaned or advanced to the defendant. The petition thus stripped of most of its vital allegations failed to set out a cause of action, and it was not error to dismiss it on a motion by the defendant in the nature of a general demurrer.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

ARGUED SEPTEMBER 12, 1966—DECIDED SEPTEMBER 29, 1966.

*J. Sidney Lanier, Murray C. Underwood,* for appellant.

*Swift, Currie, McGhee & Hiers, Robert S. Harkey, James B. Hiers, Jr., J. L. Sapp,* for appellee.